Charla BRANCH–HINES, Plaintiff–Appellee Cross–Appellant,

v.

Gary HEBERT, Defendant Cross–Appellee,

National Tea Company, Defendant–Appellant Cross–Appellee.

No. 90–3745.

United States Court of Appeals, Fifth Circuit.

Sept. 3, 1991.

---

1312

David Israel, Pamela Sweeney, McGlinchey, Stafford, Cellini & Lang, New Orleans, La., for defendant-appellant cross-appellee.

Harry E. Cantrell, Jr., Cantrell & Assoc., New Orleans, La., for plaintiff-appellee cross-appellant.

Before KING and DUHÉ, Circuit Judges, and SCHWARTZ, District Judge.[1]

CHARLES SCHWARTZ, Jr., District Judge:

In this diversity case involving claims of race discrimination under Louisiana's anti-discrimination statute, La.R.S. 23:1006, defendant-appellant National Tea Company appeals the Magistrate Judge's denial of its motion for attorney's fees and damages relative to plaintiff's failure to reclassify claim, which claim was dismissed at trial on defendant's Rule 41(b) motion, and appeals the award of $10,098 in attorney's fees to plaintiff, who prevailed at trial on her failure to promote claim but whose damage award was only $4,000. Plaintiff-cross-appellant Charla Branch–Hines appeals contending it was error for the Magistrate Judge to have excluded her testimony relative to her alleged emotional distress in her discrimination claims, that the Magistrate Judge denied her a fair hearing as to damages under La.R.S. 23:1006, and appeals both the adequacy of the amount awarded by the jury for back pay and the Magistrate Judge's reduction of her attorney's fees by 50%. Branch–Hines also contends that the general question of the amount of an award for general damages under Louisiana's race discrimination statute should be certified to the Louisiana Supreme Court.

## I.

### FACTS AND PROCEDURAL HISTORY

Charla Branch–Hines first began part-time employment as a deli clerk for National Tea Company (Canal Villere Supermarket in New Orleans) in May 1979 while a 17–year old high school student. After having been repeatedly denied both reclassification from part-time to full-time status and promotion to the position of "deli manager," Branch–Hines initiated an action with the Equal Employment Opportunity Commission ("EEOC") on April 26, 1988 and, after the issuance of a Right to Sue Notice on December 8, 1988, filed this action against National on January 27, 1989 in the Civil District Court for the Parish of Orleans, State of Louisiana, alleging race discrimination under Louisiana Revised Statute 23:1006 [2] and infliction of emotional

---

**1.** District Judge of the Eastern District of Louisiana, sitting by designation.

**2.** La.R.S. 23:1006 provides, in pertinent part:

B. It shall be unlawful for an employer to:
(1) Intentionally fail or refuse to hire, refer, discharge, or to otherwise intentionally discriminate against or in favor of an individual with respect to compensation, terms, conditions, or privileges of employment, because of race, color, sex, or national origin; or
(2) Intentionally limit, segregate, or classify an employee in a way which would deprive an individual of employment opportunities, give a favor or advantage to one individual over another, or otherwise adversely or unfavorably affect the status of an employee because of race, color,

distress under Louisiana Civil Code Article 2315,[3] *et seq.* Branch–Hines averred in her petition that National engaged in unlawful and discriminatory employment practices because she was qualified to perform the duties of deli manager and/or those duties of full-time employees yet National had accepted applications and had hired, reclassified and/or promoted white persons when she had been denied such advancement.

National removed the case to the Eastern District of Louisiana on March 6, 1989. Following National's discovery deposition of the plaintiff, and based upon plaintiff's testimony therein, National filed a counterclaim alleging that Branch–Hines had falsely and maliciously prosecuted her failure-to-reclassify claim before the EEOC. National thereafter moved for partial summary judgment on Branch–Hines' emotional distress claim under La.Civ.Code Art. 2315, *et seq.*, which motion was granted as unopposed with instructions that any motion for reconsideration be filed within 30 days with an opposition memorandum to the original motion.[4] No motion to reconsider was ever filed and plaintiff's Art. 2315 emotional distress claim was excluded from this action. The parties thereafter consented to a trial before the Magistrate Judge pursuant to 28 U.S.C. § 636(c), with the Pretrial Conference held before Magistrate Judge Ivan Lemelle on May 15, 1991. The two-day trial was held May 21 and 22, 1990. On the first day of trial, during plaintiff's direct examination, plaintiff's counsel sought to introduce her testimony regarding her headaches and upset caused by the alleged discrimination. Defendant's

objection to such was sustained. Thereafter, plaintiff's attempted offer of proof was cut short with the Court's instruction to the jury on plaintiff's La.R.S. 23:1006 claims:

Q. Right, for not being promoted. What happened to you physically or mentally, if anything?

MR. ISRAEL: Objection, Your Honor. This claim has been struck from the lawsuit.

MR. CANTRELL: Well, it's part—

THE COURT: Mr. Cantrell—

MR. CANTRELL: —of general damages, Your Honor.

THE COURT: Mr. Israel, on the side. (Bench Conference)

MR. ISRAEL: Not part of the case—

THE COURT: Is there some good reason, Mr. Cantrell—

MR. CANTRELL: It was just the emotional stress, okay, that was out of the case, but the statute says there are other general damages.

THE COURT: It's obvious that she's upset. The jury can hear all—

MR. CANTRELL: Okay. I can show that she suffered some damages as a result. *She had headaches and that type of thing.*

MR. ISRAEL: That's not part—that's all part of our motion. That's exactly what I'm talking about, the pain—

THE COURT: Now, what are you talking about?

MR. CANTRELL: That's what he's talking about.

MR. ISRAEL: Same thing.

---

religion, sex or national origin. Provided, however, that nothing contained herein shall be so construed so as to create a cause of action against any employer for employment practices pursuant to any affirmative action plan.

. . . . .

D. A plaintiff who has a cause of action against an employer for discrimination in employment may file a suit in the district court for the parish in which the alleged discrimination occurred seeking general or special compensatory damages, back pay, restoration of employment, related benefits, reasonable attorney's fees, and court costs.

E. Any party found by the judge to have brought a frivolous claim under this Subpart shall be held responsible for reasonable attor-

ney's fees, reasonable damages incurred as a result of the claim, and court costs.
La.R.S. 23:1006 (West 1985).

3. Art. 2315 of Louisiana's Civil Code is the general tort provision, and states in pertinent part:
 Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
 La.Civ.Code Art. 2315 (West Supp.1991).

4. Although the Federal Rules of Civil Procedure do not specifically provide for a "motion for reconsideration," federal district courts do make available these remedies in order to correct obvious error or to achieve substantial justice where an attorney's neglect may unduly prejudice the rights of a party.

MR. CANTRELL: Right. *The emotions, the feelings that one might feel as opposed to injuries caused as the result of an accident. She got a lot of headaches.*

THE COURT: I'm not allowing that. Let's go on to something else.

MR. ISRAEL: Judge, can we get an instruction right now? (End of Bench Conference)

THE COURT: Ladies and gentlemen of the jury, there were some things that we had resolved prior to today's trial, and this particular issue is something that you are not to concern yourselves with at this time. We are primarily interested in whether or not the plaintiff was discriminated against by National Tea Company. *And this issue concerning her emotions, her reaction to this is something that we are not and you are not to concern yourselves with.* I mean as far as whether or not somebody's upset because they feel as if they were discriminated against, I mean that's obvious, if somebody feels as if something wrong has happened to them, otherwise they wouldn't have this lawsuit. Again, you're to concern yourselves with whether or not what Ms. Hines says is correct or what the defendant says is correct or if you're unable to do that to say that as well.

All right. Mr. Cantrell, let's go to something else.

MR. CANTRELL: Your Honor, I have no further questions at this time.

THE COURT: All right. Cross-examination.

Tr. at pp. 62–64 (emphasis added).

Following plaintiff's cross-examination, National then moved under Fed.R.Civ.P. 41(b) for dismissal of Branch–Hines' claim for a failure to reclassify her from part-time to full-time employment based on race, which motion was granted. National then reurged its Rule 41(b) motion to dismiss the failure to promote component of plaintiff's claim, which the Court denied. Following these motions, the parties stipulated on the record that, should National be found liable on plaintiff's failure to promote claim, plaintiff's back pay owed was $7,000:

THE COURT: But you see, how are you going to differentiate between the time that you spent defending that as a claim as opposed to defending it as an item of damage?

MR. ISRAEL: I don't have to Judge. As long as the jury is not going to be made aware of the Court's 41(b) ruling at this time, then all I'm going to do is continue on—

THE COURT: But see in computing that issue—

MR. ISRAEL: Because its the same—it can't be double so its the same. That's what the difference is. *And that's why we stipulated to $7,000 worth of damages if there's liability on either one of those claims.*

MR. CANTRELL: No, that's not true. We didn't—I didn't stipulate.

MR. ISRAEL: All right. Well, I can look to the pretrial order, Mr. Cantrell.

MR. CANTRELL: Just as to back pay.

MR. ISRAEL: *Well, that's all. That's right, just as to back pay. That's what the Judge is talking to.*

Tr. p. 138 (emphasis added).

Also following the ruling on the motions, plaintiff's counsel again tried to bring to the attention of the Court the provisions of La.R.S. 23:1006, with the Court explaining its ruling on plaintiff's testimony as follows:

THE COURT: … I think I might have made that ruling based upon the history of Title VII law which disallowed such items. And I don't have anything on point as a guidance from Louisiana. So I simply used that as a foundation to go from, the federal law. If you can show me a Louisiana case on point interpreting that statute in the way you interpreted to allow that as an item of general compensatory damages then let me see it and I'll change my ruling. But I've not seen that yet. All I have is, for analogous purposes, Title VII law which doesn't exclude by statute. It doesn't exclude that either. But the case law is so interpreted to exclude it.

Tr. at 142–43.

Trial resumed on May 22, 1990. At closing argument, plaintiff's counsel informed the jury that the stipulated back pay was $7,000, and argued that plaintiff was also entitled to compensatory damages for the acts of discrimination she had suffered. Counsel urged the jury to award plaintiff $300,000 in total damages for the alleged intentional acts of discrimination. The Court's jury instructions contained the following instruction on damages relevant to the issues raised on appeal herein:

> ... If your verdict is in favor of the plaintiff and against defendant, you must then determine the amount of damages to which the plaintiff is entitled. You must set the amount of those damages. An award of damages must be reasonable in amount and should only be for the sum which you believe will compensate the plaintiff for any damage suffered by her, under which my instructions to you, are legally recoverable.
>
> Damages cannot be awarded on the basis of speculation, possibility or unsupported probability. *Only such damages that may have been proved to exist or reasonably certain can be awarded.*
>
> If you find the defendant acted unlawfully, plaintiff may be entitled to reasonable compensation for financial loss.
>
> If you find that plaintiff is entitled to compensation for financial loss, you may award her back pay. In order to receive back pay, the plaintiff must prove by a preponderance of the evidence that she would have received more pay than she did had it not been for the defendant's discrimination. The amount of back pay is the amount the plaintiff would have received had it not been for the discrimination, minus the total amount plaintiff earned during the same period in wages, earnings and benefits.
>
> *Both parties have stipulated that if you should find that plaintiff is entitled to back pay, her back pay does not exceed $7,000.*
>
> In fixing the amount of the award, you may not include or add any sum for the purpose of punishing the defendant or to

set an example. Also you are not permitted to award any amount for court costs, attorney's fees or interest. Such matters are left to the court. Moreover, you may not add any amount to an award on account of federal or state income taxes.

Tr. at pp. 308–9 (emphasis added).

While the Court instructed the jury in its charge that back pay could not *exceed* $7,000, it instructed the jury in the single interrogatory used for plaintiff's damages as follows:

> Question five asks, if you find for the plaintiff, what sum fairly and justly compensates the plaintiff for the damages she has sustained, considering that the parties have stipulated that if the plaintiff is entitled to back pay, this back pay *equals* $7,000. Answer with the amount, and there's a space for you to insert a dollar figure.

Tr. at 314 (emphasis added).

Neither party objected to these jury instructions or the use of a single interrogatory for plaintiff's damages. The jury returned a verdict in favor of plaintiff and awarded total damages in the amount of $4000, and specifically found against National on its malicious prosecution counterclaim on the interrogatory form. National moved for judgment n.o.v. or alternatively for new trial, which motion was denied. Branch–Hines moved for attorney's fees pursuant to 23:1006, with National also moving for attorney's fees on plaintiff's reclassification claim (the claim dismissed at trial) pursuant to 23:1006(E), contending this claim was frivolous, and moved to decrease plaintiff's requested attorney's fees. The Magistrate Judge awarded plaintiff $10,098 in attorney's fees and costs, specifically found that plaintiff's failure to reclassify claim was not frivolous, and denied National's motion for attorney's fees and costs accordingly. Judgment was entered on September 12, 1990. These appeals were timely filed. Plaintiff's claim for equitable relief in the form of a training program for her advancement was settled after trial, and the provisions of this training program were entered into the record on September 19, 1990.

## II.

### ISSUES

On appeal, Branch–Hines contends she was denied a fair hearing on the question of general damages and seeks either a new trial on the issue of damages, or an amended judgment to adequately compensate her for general damages, and requests that the question of the general adequacy of damages in this case be certified to the Supreme Court of Louisiana. Similarly, Branch–Hines seeks amendment of the judgment with respect to back pay, contending it was clear error for the jury to have failed to award the full $7,000 in stipulated back pay once liability had been found. Branch–Hines also contends it was error for the Court below to have reduced her attorney's fees by 50% to the $10,098 awarded.

National appeals the finding of the Court below that plaintiff's failure to reclassify claim was not frivolous, and the denial of its motion for attorney's fees and damages under 23:1006(E) in accordance therewith, and appeals from the Court's award of $10,098 in attorney's fees to plaintiff as excessive when compared with plaintiff's recovery of only $4,000 in damages on her claim.

## III.

### STANDARDS OF REVIEW

■ A trial court's findings of fact are accepted unless clearly erroneous or influenced by an incorrect view of the law. Questions of law, however, are reviewed de novo. *See, e.g., Zimmerman v. H.E. Butt Grocery Co.*, 932 F.2d 469, 471 (5th Cir. 1991). Because Branch–Hines failed to object to the proposed jury instructions, we review the damages instruction submitted to the jury under the plain error standard. *Middleton v. Harris Press And Shear, Inc.*, 796 F.2d 747, 749 (5th Cir.1986). We review the Court's decisions to deny admission of plaintiff's proffered testimony, and the Court's decision on attorney's fees, under an abuse of discretion standard.

## IV.

### DISCUSSION

*A. The Denial of a Fair Hearing on Damages under La.R.S. 23:1006.*

■ This Court observed in *Deloach v. Delchamps, Inc.*, 897 F.2d 815 (5th Cir. 1990), that with respect to the scope of damages available for race discrimination under the Louisiana anti-discrimination statute, La.R.S. 23:1006, the statute speaks for itself.

The confusion created for the court below results from the general proposition, gleaned from the few Louisiana cases interpreting La.R.S. 23:1006, that the Louisiana statute parallels Title VII in all aspects. The statute has been held by Louisiana courts to be similar in scope to the federal prohibitions against discrimination embodied in Title VII. *See Polk v. Pollard*, 539 So.2d 675, 676 (La.App. 3rd Cir. 1989); *Bennett v. Corroon and Black Corp.*, 517 So.2d 1245, 1246 (La.App. 4th Cir.1987), *cert. denied*, 520 So.2d 425 (La. 1988). However, these cases analogizing the statute to Title VII did so only in the context of determining whether a plaintiff had stated a cause of action for sexual discrimination, where they looked specifically to 42 U.S.C. § 2000e–2(a)(1) for guidance, and not the question of the scope of damages available. In the instant case, the court below, seizing the general proposition that Title VII was to be looked to as a guide for the application of La.R.S. 23:1006, refused to admit into evidence the plaintiff's testimony as to her headaches and upset arising from the alleged discrimination, instructed the jury that such matters were not of their concern, and effectively charged the jury that "back pay" was the only measure of damages to be considered once liability had been found. Had this in fact been a Title VII cause of action, there would have been no error.

Title VII, 42 U.S.C. § 2000e–5(g), provides the following remedies for intentionally engaging in unlawful employment practices:

> the court may enjoin the respondent from engaging in such unlawful employ-

ment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay ... or any other equitable relief as the court deems appropriate

Thus, pursuant to this language, this Court has held that emotional and punitive damages do not constitute equitable relief or back pay. *Miller v. Texas State Board of Barber Examiners,* 615 F.2d 650, 654 (5th Cir.1980), *cert. denied,* 449 U.S. 891, 101 S.Ct. 249, 66 L.Ed.2d 117 (1980).

By contrast, however, the remedies provision of the Louisiana anti-discrimination statute, La.R.S. 23:1006(D), provides the following:

D. A plaintiff who has a cause of action against an employer for discrimination in employment may file a suit in the district court for the parish in which the alleged discrimination occurred seeking *general or special compensatory damages,* back pay, restoration of employment, related benefits, reasonable attorney's fees, and court costs.

(emphasis added)

This is not our first examination of Louisiana's differing discrimination statutes. Specifically, in *Deloach,* supra, we recently recognized that in a case brought under Louisiana's Age Discrimination in Employment Act (LADEA), La.R.S. §§ 23:971–975, it provided for only legal and equitable relief, whereas damages recoverable in a cause of action for race discrimination under La.R.S. 23:1006 (which is the statute involved in this case) specifically included general damages. *Id.* at 824–25.

The specific question before this Court is whether the general damages provided for in La.R.S. 23:1006 contemplates a recovery for emotional distress. In making this determination under Louisiana law, "the court must attempt to interpret the legislative intent as to the risk contemplated by the legal duty, often resorting to the court's own judgment of the scope of protection intended by the Legislature." *Carter v. City Parish Government, Inc.,* 423 So.2d 1080, 1084 (La.1982). More re-

cently, the Louisiana Supreme Court specifically addressed the question of whether a statute contemplated recovery for emotional distress damages, and looked to whether this alleged damage "was included within the same general risk, or class of risk, at which the statute is directed," and whether the statute in question "may well be assumed to include all risks that reasonably may be anticipated as likely to follow from its violation." *Clomon v. Monroe City School Board,* 572 So.2d 571, 578 (La.1990), citing Prosser & Keeton, *The Law of Torts* § 36 at 226–27 n. 65, 66. With this clear guidance from the Louisiana Supreme Court for our determination in the instant case, we conclude it both reasonable to expect that an employee or potential employee who has been the object of race discrimination in violation of Louisiana law will suffer harm in the form of mental pain and anguish, and that such harm is entirely foreseeable as a consequence of a violation of this statute. Accordingly, we find that plaintiff in the instant case, alleging race discrimination in violation of La.R.S. 23:1006, was entitled to testify as to her mental pain and anguish and have that testimony considered as a part of her alleged general damages by a properly instructed jury, and it was an abuse of discretion for the trial court to have disallowed this testimony. Further, in light of our finding, it was plain error for the trial court to thereafter caution and instruct the jury that plaintiff's distress was obvious, but that the issue of her emotions was not to be considered by them in this case. The trial court's cautionary instruction to the jury hereinabove noted, and the jury instructions and interrogatories submitted to the jury at the end of trial, effectively precluded the jury from awarding general damages. As we recently observed in *Pagan v. Shoney's, Inc.,* 931 F.2d 334 (5th Cir.1991) (per curiam), "[t]o award special damages for medical expenses and lost wages, but not for general damages—personal injury, pain and suffering, etc.—is, as a matter of Louisiana law, to err." *Id.* at 337, citing *Marcel v. Allstate Insurance Co.,* 536 So.2d 632, 635 (La.App. 1st Cir. 1988), *cert. denied,* 539 So.2d 631 (La.1989).

Plaintiff at all times pertinent indicated a desire to be compensated for her general damages. It is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial, *Morales v. Turman*, 535 F.2d 864, 867 n. 7, *reh. den.*, 539 F.2d 710 (5th Cir.1976), *rev'd on other grounds*, 430 U.S. 322, 97 S.Ct. 1189, 51 L.Ed.2d 368 (1977), and we find that the contested issues of fact and law set forth in the pretrial order in this case clearly encompassed the full range of plaintiff's possible damages under La.R.S. 23:1006.[5] While a trial court is afforded much discretion in deciding whether to admit or deny testimony, we are compelled to recognize that the trial court's reason for excluding plaintiff's testimony in this case was its erroneous belief that such testimony could not be considered by the jury relative to damages. However, we also recognize that the only evidence of mental anguish and suffering proffered by plaintiff in this matter was her own testimony. No expert or lay witnesses were listed in the Pretrial Order to be called in support of her claim for general damages, nor were there any reports or other exhibits listed in the Pretrial Order for submission to the jury, nor any evidence that plaintiff had ever sought or received the assistance of a physician or psychiatrist for her headaches or upset.

Neither party objected to the court's jury instructions, and we have held in the past that where no timely objection is made to a jury instruction, the claimed error cannot be reviewed on appeal unless giving the instruction was "plain error" so fundamental as to result in a miscarriage of justice. Fed.R.Civ.P. 51; *Middleton v. Harris Press And Shear, Inc.*, 796 F.2d 747, 749

(5th Cir.1986); *Whiting v. Jackson State University*, 616 F.2d 116, 126, *reh. den.*, 622 F.2d 1043 (5th Cir.1980); *see also Industrial Development Board v. Fuqua Industries, Inc.*, 523 F.2d 1226, 1237 (5th Cir.1975) (that appellate court may consider an issue not objected to at trial if it presents a fundamental error which would result in injustice if the error is not corrected on appeal). Obviously, in view of the trial court's emphatic erroneous ruling excluding testimony on plaintiff's general damages, and its clear reference to Title VII as controlling the damages available to plaintiff, it would have served no useful purpose for plaintiff's counsel to have reiterated an objection to the jury charge. We should not reverse for an alleged error in the jury instructions "if we find, based upon the record, that the challenged instruction could not have affected the outcome of the case." *Middleton*, supra, *quoting Bass v. United States Department of Agriculture*, 737 F.2d 1408, 1414, *reh. en banc den.*, 742 F.2d 1453 (5th Cir. 1984); *Eastburn v. Ford Motor Company*, 471 F.2d 21, 23 (5th Cir.1972). However, having thoroughly reviewed the record, we are of the opinion that plain and fundamental error was committed in this case, and we cannot say that the outcome would not have been different had plaintiff been permitted to testify as to her headaches and upset, and the jury properly instructed. Consequently, we reverse and remand for new trial on the issue of general damages only.

### B. The Adequacy of General Damages Under La.R.S. 23:1006.

Plaintiff contends in this appeal that the question of the adequacy of a

---

**5.** The Pretrial Order in this case included the following:

Plaintiff's may-call witnesses:

 1. Charla Branch–Hines: complaint of discrimination at Canal Villere and damages

Plaintiff's Contested Issues of Law:

 1. Whether or not National intentionally acted to deny plaintiff equal employment opportunity, to full-time employment, on account of her race.

 2. Whether or not National intentionally acted to deny Charla Branch–Hines equal pro-

motional opportunity to the position of Deli Manager, because of her race.

Defendant's Contested Issues of Law:

 3. If plaintiff meets her burden of proving intentional race discrimination, whether plaintiff is entitled to back pay damages.

 4. If plaintiff meets her burden of proving intentional discrimination, whether plaintiff is entitled to compensatory damages.

Pretrial Order, R. 1, 1.

general damages award under La.R.S. 23:1006 should be certified to the Louisiana Supreme Court. Under the *Erie* doctrine, however, where the state courts have not yet decided a particular question, it is the duty of the federal court to decide what the state court would hold if faced with it. *See Arceneaux v. Texaco, Inc.,* 623 F.2d 924, 926 (5th Cir.1980), *cert. denied,* 450 U.S. 928, 101 S.Ct. 1385, 67 L.Ed.2d 359 (1981). As the Louisiana Supreme Court has already repeatedly held that the adequacy or inadequacy of an award is to be determined on the basis of the facts and circumstances peculiar to the case under review, *see, e.g., Anderson v. Welding Testing Laboratory, Inc.,* 304 So.2d 351 (La.1974); *Revon v. American Guaranty Liability Co.,* 296 So.2d 257 (La.1974); *Miller v. Thomas,* 258 La. 285, 246 So.2d 16 (1971), we find certification of the question to the Louisiana Supreme Court both unwarranted and premature, and remand this matter for new trial on the issue of mental pain and anguish as a part of general damages.

### C. The Effect of Stipulated Special Damages.

 Interrogatory No. 5 asked the jury "what sum would fairly and justly compensate the plaintiff for the damages she has sustained, considering that the parties have stipulated that if the plaintiff is entitled to back pay, this back pay is $7,000," and the jury responded "$4,000." Branch–Hines claims it was an abuse of discretion to have allowed the jury's $4,000 award to be entered when National had stipulated on the record that, should it be found liable, plaintiff's special damages were $7,000. We agree. Because of this stipulation, the question of the amount of back pay should never have gone to the jury, but rather only the question of liability for back pay. *See Jones v. Wal–Mart Stores, Inc.,* 870 F.2d 982, 985 (5th Cir.1989). Once liability had been determined, Branch–Hines was entitled to the stipulated damages as a matter of law. *Id.* at 986. Accordingly, the trial court abused its discretion in failing to award the full amount of stipulated back pay, and we remand for modification

of this judgment to reflect the stipulated special damages in the amount of $7,000.

### D. The Magistrate's Finding of No Frivolity.

 A trial court's findings of fact are accepted unless clearly erroneous or influenced by an incorrect view of the law. Questions of law, however, are reviewed *de novo. See, e.g., Zimmerman v. H.E. Butt Grocery Co.,* 932 F.2d 469, 471 (5th Cir. 1991). National complains that, by prevailing on its Rule 41(b) motion to dismiss plaintiff's failure to reclassify claim, it was entitled to attorney's fees, costs and damages under La.R.S. 23:1006(E), and that the denial of such relief was error. Paragraph (E) of this statute provides specifically that "[a]ny party found by the judge to have brought a frivolous claim under this Subpart shall be held responsible for reasonable attorney's fees, reasonable damages incurred as a result of the claim, and court costs." The Magistrate Judge specifically ruled at the post-trial hearing of August 24, 1990 that this portion of Branch–Hines' case was not frivolous, and therefore National was not entitled to any recovery under La.R.S. 23:1006(E). The thrust of National's argument on appeal is that Branch–Hines' deposition testimony, later controverted at trial, evidences that she knew that among the employees advanced to full-time employment over her own application was another black female, and therefore seniority was the true issue and not race, and that she and her counsel knew the frivolity of this aspect of her claims. At the August 24 hearing, the Magistrate Judge explained his finding as follows:

THE COURT: Further, I'm stating also, even though I know the defendants like to bring a motion in that regard, I'm stating for the record now that it's my finding that the claim that the plaintiff did not prevail on was not a claim pursued by this lady in a frivolous fashion. It was not a frivolous claim. It was not brought for bad faith or harassing purposes, but was based upon, in my opinion, a good faith belief by this woman that she was discriminated against in both aspects of her claim. In the aspect

of the failure of being promoted to deli manager and failing to go to full-time employment.

It's quite easy to pick and choose from points in a deposition, or anything that might have occurred at trial, those items that benefit your side. Obviously, while the defendant prevailed on the claim I'm talking about now, simply by prevailing on that claim does not mean that the claim itself that was dismissed was a frivolous claim as acknowledged by defendant. But it sounds like that's what they want me to do, is to say that, because I directed the verdict, that it's frivolous, and that's not correct. They would rely on the plaintiff's admission at trial that she didn't, or maybe didn't, have any other basis for that claim, but I think that in this lady's mind, based upon everything that I know she's tried to present in this case, both in reading the prior deposition as well as her trial testimony, that she honestly believed that she was discriminated against on both aspects of her claim.

Did she capitulate at trial? Did she break down under cross-examination at trial, and simply gave up on that particular claim? I guess if I had an examining glass and could go into her brain to find that out I'd give you an answer. But based on my objective review of this case, it's my opinion that she pursued the case in good faith, both claims in good faith. The defendant was certainly dissatisfied with the claims. I mean, no one likes to be sued, obviously. Particularly, a suit involving racial discrimination.

And again, going back to whether or not it was a complex case or not, Title VII cases I think by their very nature and by the types of claims being presented are very sensitive cases, sensitive to the extent that they do become complex and difficult to handle, both from the plaintiff point of view or defendant point of view.

Hearing Tr. at pp. 24–26.

Having reviewed plaintiff's deposition, her testimony at trial and the interrelation of plaintiff's differing claims of discrimina-

tion, the trial court found plaintiff's entire case to have been prosecuted in good faith. When there are two permissible views of the evidence, a fact finders choice between them cannot be clearly erroneous, even if we as the reviewing court were convinced that, as the trier of fact, we would have weighed the evidence differently. *Anderson v. Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985). We certainly cannot say that the trial court's findings on this issue are clearly erroneous, and thus affirm the court's finding.

### E. Attorney's Fees.

Both Branch–Hines and National challenge the trial court's award of $10,098 in attorney's fees to Branch–Hines, which amount represents one-half her counsel's legal fees at a stipulated hourly rate. Branch–Hines contends she was the prevailing party on her overall claim and therefore is entitled to receive an award for all her attorney's. National reurges that the case involved minimal time and complexity and, in light of the jury's award of only $4,000, that the Magistrate Judge's award of $10,098 in attorney's fees is excessive.

The parties herein stipulated that $145 per hour was a reasonable and proper fee. Branch–Hines' counsel stated that one-third to one-half of his time sheets related to the failure to reclassify claim which was ultimately dismissed at trial. Following review of counsel's time sheets and the arguments of counsel regarding the complexity of the case and the reasonable time involved, the Magistrate Judge reduced counsel's submitted time sheets by one-half. The Magistrate Judge recognized that Branch–Hines did not recover on all the claims advanced in her suit, and justified the reduction of plaintiff's attorney's fees "not only by the overlapping of the work on the claims that the plaintiff did not prevail on, but also in terms of what I consider to be a reasonable amount of hours needed to pursue the claim that she

did prevail on." [6]

This case involves attorney's fees under a Louisiana anti-discrimination statute and we have found no Louisiana cases assessing fees with respect thereto. Thus by analogy we adopt for this case the resolution which the Supreme Court applied in this circumstance in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), wherein it stated:

> Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

*Id.* at 440, 103 S.Ct. at 1943.

More recently, in *Texas State Teachers Association v. Garland Independent School District,* 489 U.S. 782, 790–93, 109 S.Ct. 1486, 1491–92, 103 L.Ed.2d 866 (1989), the Supreme Court rejected the application of the "central issue" test for a prevailing party's entitlement to attorney's fees, holding instead that the proper measure is the degree of a plaintiff's overall success in relation to the other goals of the lawsuit when determining the amount of a reasonable fee under *Hensley.* In the instant case, not only did Branch–Hines prevail on the issue of equitable relief, which was settled by the parties in the form of the institution of a training program for her advancement, but she prevailed at trial on the general issue of the alleged discrimination itself. While National has argued that it prevailed on one issue, it lost on the merits of the entire case, with the Magistrate Judge concluding at the hearing that the reclassification claim was not frivolous.

We find that the Magistrate Judge did not abuse his discretion in arriving at his award of attorney's fees in this matter. Although we have found in the past that *Hensley* holds there should be no reduction in attorney's fees where plaintiff has prevailed and achieved substantial success on only part of its suit involving interrelated claims, *see Hernandez v. Hill Country Telephone Co–Op, Inc.,* 849 F.2d 139, 144 (5th Cir.1988), the Magistrate Judge in the instant case was compelled to recognize the reasonableness of the time spent on Branch–Hines' claims. Following removal of this case, plaintiff amended her petition to misjoin a non-diverse defendant for purposes of then moving to remand the matter to the state court. The misjoined defendant was later dismissed and the motion to remand denied following approximately two months' litigation of the matter. Thereafter, the pretrial discovery in this case involved only one set of interrogatories and one deposition. At the two day trial of this matter, plaintiff called only one witness, which was the plaintiff herself. Having reviewed the record, we cannot say that the Magistrate Judge's findings were clearly erroneous or that he abused his discretion in finding that counsel's submitted time sheets exceeded the amount of time reasonably required for the prosecution of Branch–Hines' claims, and we affirm the award of attorney's fees in the amount of $10,098 as a reasonable attorney's fee under La.R.S. 23:1006.

The thrust of National's challenge to the fee award in this case is that it is disproportionate to Branch–Hines' recovery. We noted in *Hernandez,* supra, citing *City of Riverside v. Rivera,* 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), that there is no *per se* requirement of proportionality in an award of attorney's fees in the civil rights context, but that proportionality is an appropriate consideration in the typical case. Although the fees in this case may ultimately exceed the total monetary recovery herein, we note that the fees awarded herein are substantially less disproportionate than those approved in *Rivera,* or those which we approved in *Hernandez,* and are reasonable under our interpretation of La. R.S. 23:1006. Accordingly, and in light of our remand for modification of the special damages judgment to the full $7,000 in stipulated back pay and for new trial on

---

6. August 24, 1990 Hearing Tr. at 22.

general damages, National's challenge to the fee award based on disproportionality is rejected.

## V.

## CONCLUSION

As the trial court misapprehended the damages recoverable under La.R.S. 23:1006, and failed to properly instruct the jury as to the general damages recoverable by Branch–Hines, we remand for a new trial on the issue of general damages for emotional distress alone. In addition, we find the trial court abused its discretion in failing to award the full amount of stipulated back pay, and remand for modification of the judgment to reflect special damages in the amount of $7,000. We reject the contention that the Magistrate Judge's finding of "no frivolity" as to plaintiff's reclassification claim was clearly erroneous, and conclude there was no abuse of discretion in the award of attorney's fees in this matter. Consequently, we AFFIRM the decision of the trial court on all issues but that of damages, on which we REVERSE and REMAND for modification of the judgment as to special damages and for a new trial for the sole purpose of plaintiff putting on her testimony as to her emotional distress as an issue of general damages.[7] National shall bear the costs this appeal. On remand, the trial court shall also assess to defendant any additional attorney's fees and costs occasioned by this appeal and for trial of the issue on remand.

---

7. Since plaintiff did not list in the pretrial order any evidence or witnesses as to such damages, the trial on remand will be limited solely to plaintiff's testimony.