IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2007

Charles R. Fulbruge III
Clerk

No. 06-60498

NATIONAL UNION FIRE INSURANCE COMPANY

Plaintiff-Appellant

v.

MISSISSIPPI INSURANCE GUARANTY ASSOCIATION

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CV-340

Before REAVLEY, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:

This diversity action involves an important and determinative question of Mississippi law for which there is no controlling Mississippi Supreme Court precedent. Accordingly, that unresolved question is certified to the Supreme Court of Mississippi.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF MISSISSIPPI. PURSUANT TO RULE 20 OF THE MISSISSIPPI RULES OF APPELLATE PROCEDURE.

TO THE SUPREME COURT OF MISSISSIPPI AND THE HONORABLE JUSTICES THEREOF:

## I. STYLE OF THE CASE

The style of the case in which this certification is made is National Union Fire Insurance Company v. Mississippi Insurance Guaranty Association, No. 06-60498 in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Southern District of Mississippi. Federal jurisdiction is based on diversity of citizenship.

## II. STATEMENT OF FACTS

National Union Fire Insurance Company (NUFIC) seeks a determination of the obligations of the Mississippi Insurance Guaranty Association (MIGA) for a claim against an insured. NUFIC asks us to decide whether Mississippi's exhaustion statute requires a solvent-carrier's policy, containing an "other-insurance" clause, to pay ahead of MIGA's statutory coverage of an insolvent-carrier's primary policy.

Drs. Orr and Mettetal were sued for medical malpractice by Kathleen Wright. The action was covered by two insurance policies: one issued by Pennsylvania Hospital Indemnity Company (PHICO); one, by NUFIC. The PHICO policy provided primary coverage. The NUFIC policy provides coverage, but contains the above-referenced "other-insurance" clause:

> A loss covered under this policy may also be covered under another policy you have. If it is, [NUFIC's] policy will apply only in excess of such other coverage no matter how such other coverage is described. This clause will not apply to coverage which is expressly stated to apply in excess of this specific policy.

Subsequent to Wright's medical-malpractice action's being filed, PHICO was declared insolvent. This occurred after PHICO reached an agreement to settle Wright's claim against Dr. Mettetal. MIGA immediately undertook review of Wright's action against Dr. Orr and provided a defense. That action has been

settled, and the only issues remaining are those in the present declaratory-judgment action involving MIGA and NUFIC.

NUFIC filed this action to determine whether MIGA or NUFIC was primarily responsible for providing indemnity and a defense for Dr. Orr. NUFIC maintains: because PHICO provided primary coverage, the "other-insurance" clause in the NUFIC policy makes it an excess-insurance provider; and Mississippi's exhaustion statute does not require NUFIC to pay until the limits of the primary policy have been satisfied.

MIGA filed a counter-claim for declaratory relief and an ancillary award for the costs and expenses incurred by MIGA in defending Dr. Orr. Upon cross-motions for summary judgment, the district court granted MIGA's motion and denied NUFIC's, holding: under Mississippi Code Annotated § 83-23-123, NUFIC's policy must be exhausted before MIGA can be called upon to make payment. In so holding, however, the district court noted this is an unsettled point of state law which required the court to make an "Erie guess" on how the Mississippi Supreme Court would interpret its own law. See Branch-Hines v. Hebert, 939 F.2d 1311, 1320 (5th Cir. 1991).

The exhaustion requirement in the above-referenced section provides: "Any person having a claim against an insurer under any provision in an insurance policy other than a policy of an insolvent insurer, which is also a covered claim, shall be required to exhaust first his right under such a policy". MISS. CODE ANN. § 83-23-123. Although MIGA concedes "true excess" insurance cannot be made to drop down and provide primary coverage, it maintains: NUFIC's policy is not true excess, but rather true primary, insurance with a boilerplate "other-insurance" clause; and, therefore, the exhaustion requirement obligates NUFIC to pay first-dollar coverage on Wright's claim against Dr. Orr. Conversely, NUFIC asserts: the clear language of its policy states it is excess

coverage; and, as a result, MIGA (standing in PHICO's shoes) is required to pay first-dollar coverage on the claim.

Recently, the Mississippi Supreme Court held MIGA is not entitled to credit for payments to the claimant from solvent insurance covering a joint tortfeasor. Miss. Ins. Guar. Assoc. v. Cole, 954 So. 2d 407 (Miss. 2007). Therefore, Cole resolves one issue for this appeal: whether MIGA's obligations were discharged under the exhaustion statute by the settlement paid from solvent policies on behalf of Dr. Mettetal, the alleged joint tortfeasor. The parties concede Cole settles this issue. (After hearing oral argument on both issues, this court required supplemental briefing to address the effect of Cole and to clarify the remaining issue, which is now being certified.) On the other hand, NUFIC and MIGA agree Cole is not directly on point regarding the remaining exhaustion-requirement issue. Indeed, as noted, no case has directly decided the issue.

In Caldwell Freight Lines, Inc. v. Lumbermens Mutual Casualty Co., 947 So. 2d 948 (Miss. 2007), the Mississippi Supreme Court interpreted North Carolina's exhaustion requirement as not requiring an excess carrier to "drop down" and provide first-dollar coverage upon the insolvency of the primary carrier. The excess-carrier provision at issue in Caldwell provided: "[The insurer] will pay only the amount in excess of the sums actually payable under the terms of the 'underlying insurance'". Id. at 953 (emphasis omitted). While NUFIC urges this court to read Caldwell as determinative of the issue at hand, we cannot do so. First, the excess provision in the Caldwell policy is worded differently than in NUFIC's. Indeed, MIGA asserts the provision in Caldwell is "true excess" insurance while NUFIC's policy contains only an "other-insurance" clause. Second, the Mississippi Supreme Court was interpreting North Carolina, not Mississippi, law. Although the court stated the law "is not

materially different from our own", it is not clear how the Supreme Court of Mississippi would decide the issue being certified. Id. at 952.

MIGA asserts Gauze v. Reed, 633 S.E.2d 326 (W.Va. 2006), should guide this court in affirming the district court. In Gauze, the West Virginia Supreme Court held an exhaustion requirement identical to that of Mississippi's requires all other solvent-carrier insurance be exhausted before looking to the state's insurance-guaranty association. Id. at 334. The facts in Gauze are nearly identical to this case; indeed, the excess-carrier policy at issue was the exact NUFIC policy at issue here. The case provides no guidance, however, on how the Supreme Court of Mississippi would rule and therefore does not inform our "Erie guess".

As noted, the Mississippi Supreme Court has not addressed whether a policy containing an "other-insurance" clause can be required to drop down and pay first-dollar coverage ahead of MIGA. Therefore, the standard for certification is met. See MISS. R. APP. P. 20(a) (certification proper when "no clear controlling precedents in the decisions of the Mississippi Supreme Court" regarding the issue before the court). Furthermore, because a ruling on this issue is determinative of the rights and obligations of Mississippi's statutorily-created insurance-guaranty association, the decision is more properly for the courts of Mississippi. Along that line, an action involving a similar issue is pending before the Mississippi Supreme Court: William Leitch v. Mississippi Insurance Guaranty Association, No. 2007-TS-01263.

## III. QUESTION CERTIFIED

We hereby certify the following determinative question of law to the Supreme Court of Mississippi:

> Whether a solvent-carrier's insurance policy, which provides an "other-insurance" clause stating it is in excess to any other primary insurance, must be exhausted under Mississippi Code Annotated § 83-23-

123, ahead of MIGA's statutory coverage of the insolvent-carrier's primary policy.

This court disclaims any intention or desire that the Supreme Court of Mississippi confine its reply to the precise form or scope of the question certified. The answer provided by the Supreme Court of Mississippi will determine the remaining issue on appeal here. The record and copies of the parties' briefs are transmitted herewith.

This panel retains cognizance of the appeal of this case pending response from the Supreme Court of Mississippi, and this court hereby CERTIFIES the question posed above.

QUESTION CERTIFIED.