IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2008

Charles R. Fulbruge III
Clerk

No. 06-60498

NATIONAL UNION FIRE INSURANCE COMPANY

Plaintiff-Appellant

v.

MISSISSIPPI INSURANCE GUARANTY ASSOCIATION

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CV-340

Before REAVLEY, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

For the appeal in this diversity action, at issue was a determinative, but as of then unanswered, question of Mississippi law. We certified that question to the Mississippi Supreme Court pursuant to Rule 20 of the Mississippi Rules of Appellate Procedure. Our court asked

> [w]hether a solvent-carrier's insurance policy, which provides an "other-insurance" clause stating it is in excess to any other primary insurance, must be exhausted under Mississippi Code Annotated § 83-23-123, ahead of [the Mississippi Insurance Guaranty

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Association's (MIGA's)] statutory coverage of the insolvent-carrier's primary policy.

Nat'l Union Fire Ins. Co. v. Miss. Ins. Guar. Ass'n, 507 F.3d 309, 312 (5th Cir. 2007).

The Mississippi Supreme Court accepted our certification and rendered an en banc opinion on 4 September 2008. That court determined the National Union Fire Insurance Company's (NUFIC's) policy at issue was not "a true excess policy"; and answered the certified question as follows:

> [A] solvent carrier's insurance policy which is not a true excess policy, and which provides an "other-insurance" clause stating it is in excess to any other primary insurance, must nevertheless be exhausted prior to MIGA's statutory duty to provide coverage under an insolvent-carrier's primary policy.

Nat'l Union Fire Ins. Co. v. Miss. Ins. Guar. Ass'n, 990 So. 2d 174, 177 (Miss. 2008) (en banc).

NUFIC is a solvent carrier; and the NUFIC policy at issue contains an "other-insurance" clause. Accordingly, the summary judgment in favor of MIGA is AFFIRMED, and this matter is REMANDED to the district court for such further proceedings, consistent with this opinion, as may be required.

AFFIRMED; REMANDED.