# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 11, 2010

No. 09-30424
Summary Calendar

Lyle W. Cayce
Clerk

THERESA MARTIN,

Plaintiff-Appellant

v.

JAMES LEE; THE TOWN OF ADDIS,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-00041

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Theresa Martin was involved in an altercation with Appellee James Lee, an officer of the Addis Police Department, and Dexter Walker, an officer of the Brusly Police Department, in Iberville Parish, Louisiana. Martin was arrested and charged with "remaining after being forbidden" and "interfering with duties of a police officer." At trial, all charges against Martin were dismissed. Martin then filed a complaint in state court against Lee, Walker, the Addis and Brusly Police Departments, and others. Martin's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint alleged that the officers and police departments were liable for damages under 42 U.S.C. § 1983.  The case was removed to federal district court.

In preparation for trial, the parties submitted a Uniform Pretrial Order ("Pretrial Order") to the district court.  In ruling on several motions in limine regarding the exclusion of certain evidence, the district held that Martin's "false arrest" claims had been abandoned because the only claim contained in the Pretrial Order was for excessive force against Officer Lee.  Ten months later, and two months before trial was set to begin, Martin filed a Motion for Leave to Amend the Pretrial Order ("Motion to Amend") so that she could assert her false arrest claim.  The district court denied the Motion to Amend.  Martin now appeals, arguing that the district court erred by (1) ruling that her false arrest claim was waived and (2) denying her Motion to Amend.  Martin does not appeal from the adverse jury verdict on her excessive force claim.

Federal Rule of Civil Procedure 16 authorizes the district court to control and expedite discovery through pretrial orders.  "It is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial."  *Elvis Presley Enters., Inc. v. Capece,* 141 F.3d 188, 206 (5th Cir. 1998) (quoting *Branch-Hines v. Hebert*, 939 F.2d 1311, 1319 (5th Cir.1991)).  Claims, issues, and evidence are narrowed by the pretrial order, thereby focusing and expediting the trial.  *Elvis*, 141 F.3d at 206 (claims not preserved in a joint pretrial order were waived); *Branch-Hines*, 939 F.2d at 1319 (the pretrial order asserted the plaintiff's full range of damages).  If a claim or issue is omitted from the final pretrial order, it may be waived, even if it appeared in the complaint.  *Elvis*, 141 F.3d at 206.

In addition, our court gives the trial court "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald,* 893 F.2d

No.  09-30424

787, 790-791 (5th Cir. 1990) (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)). "For pretrial procedures to continue as viable mechanisms of court efficiency, appellate courts must exercise minimal interference with trial court discretion in matters such as the modification of its orders." *Hodges*, 597 F.2d at 1017-1018. Thus, unless the trial court's ruling in the enforcement of a pretrial order was a clear abuse of discretion that would deem the action arbitrary, the ruling will not be disturbed on appeal. *Geiserman*, 893 F.2d at 790; *Hodges*, 597 F.2d at 1017.

Appellant argues that her claim for false arrest was "eminently cognizable" within a two or three sentence factual narrative stating that Martin was cuffed and placed in Office Lee's patrol car, issued a summons and released, and cleared of all charges at trial. The district court disagreed and held that other than the excessive force claim, "nowhere in the final pretrial order was there any mention of any other claim under any other theory of law." District courts are encouraged to construe pretrial orders narrowly without fear of reversal. *Flannery v. Carroll,* 676 F.2d 126, 129-130 (5th Cir. 1982) (the district court did not abuse its discretion where it narrowly construed the pretrial order to exclude certain claims, despite slight reference to those claims in the order). We cannot say that the district court abused its discretion in narrowly construing this Pretrial Order as it did. Thus, the false arrest claim was waived.

Appellant also contends that the district court's denial of her motion to amend was in error because the exhibits listed in the Pretrial Order showed her intention to bring a false arrest claim against Lee. Appellant argues that both parties' motions clearly anticipated her bringing a false arrest claim. Rule 16(e) provides that the court may modify a final pretrial order "only to prevent manifest injustice." Refusal to grant an amendment to a pretrial order is with

No. 09-30424

in the trial court's discretion. *Trinity Carton Co., Inc. v. Falstaff Brewing Corp.*, 767 F.2d 184, 193 n.13 (5th Cir. 1985). "Even though amendment of the pretrial order may be allowed where no surprise or prejudice to the opposing party results, where, as here, the evidence and the issue were known at the time of the original pretrial conference, amendments may generally be properly refused." *Id.* That Martin delayed in seeking this relief until shortly before trial also supports the court's decision. The trial court did not abuse its discretion in denying Martin's motion to amend.

For the foregoing reasons, the judgment is

**AFFIRMED**.