MURRAY, J.,
Concurs with reasons.
| ^though I concur in the majority’s decision to reverse the jury verdict and to remand for a new trial, I do so for different reasons than those expressed in the majority opinion. In their petition, the plaintiffs asserted only survival and wrongful death claims; they did not assert a loss of a chance of survival claim. See La. C.C.P. art. 891 (requiring the petition contain a short, clear, and concise statement of all causes of action). At trial, evidence regarding Woodland Village’s negligence causing Mr. Braud a loss of a chance of survival was presented and thus the pleadings were expanded to include such a claim. La. C.C.P. art. 1154. At the close of the trial, the trial court submitted to the jury interrogatories addressing only the survival and wrongful death claims asserted in the petition. Answering those interrogatories, the jury awarded no survival damages and $1,650,000 in wrongful death damages.[1]
The majority correctly concludes that the evidence presented at trial was insufficient to support the jury’s finding that Woodland Village’s malpractice (professional negligence) caused Mr. Braud’s death (fatal heart attack). The expert testimony at trial simply does not support the jury’s finding. Nonetheless, as the majority further finds, the evidence presented at trial could support a finding that | ¡.Woodland Village’s malpractice caused Mr. Braud a loss of a less than even chance of survival.
Addressing the nature of a loss of a chance of survival claim in the medical malpractice context, the Louisiana Supreme Court in Smith v. State, Dept. of Health & Hosp., 95-0038 (La.6/25/96), 676 So.2d 543, stated that the focus is on “the damages that the defendant caused-the loss of a chance of avoiding a death that might not have occurred if the health care provided had performed properly,” and that the issue is “whether the tort victim lost any chance of survival because of the defendant’s negligence,” and that “[t]he pre-existing condition causes the conceptual problem.” Smith, 95-0038 at p. 6, 676 So.2d at 546-47, n. 5; Jackson v. University Hosp., 00-2535 (La.App. 4 Cir. 2/6/02), 809 So.2d 1145, 1153-54. The Supreme Court further explained that “the loss of a *755 less-than-even chance of survival is a distinct injury compensable as general damages.” Smith, 95-0038 at p. 9, 676 So.2d at 548. The loss of a chance of survival “has a value in and of itself that is different from the value of a wrongful death or survival claim.” Id.
In this case, the jury was not instructed on the difference between a loss of a chance of survival claim and a wrongful death or survival claim. The jury also was not given the option on the jury interrogatories to quantify the percentage loss of a chance and to assign a value to that loss. On appeal, as it did in its post-trial motions, Woodland Village contends that the trial court legally erred in failing to distinguish in the jury interrogatories between loss of a chance of survival and wrongful death claims. Given the jury interrogatories failed to make this distinction, Woodland Village contends that it is entitled to a new trial so that the jury can consider the loss of a chance of survival claim.
The plaintiffs counter that Woodland Village’s contention is flawed, substantively and procedurally. Substantively, the plaintiffs point out that the jury’s finding in its verdict that the plaintiffs proved their wrongful death claims — [¿he jury’s affirmative answer to the interrogatory “[d]o you find that Woodland Village’s breach of the applicable standard of care caused, or contributed to, the death of Rudolph Braud? — moots the need to address the loss of a chance of survival claim”. Procedurally, the plaintiffs contend that Woodland Village’s failure to file a timely, contemporaneous objection to the trial court’s failure to include the loss of a chance claim in the jury instructions and interrogatories precludes Woodland Village from raising this issue on appeal.
Woodland Village does not dispute the plaintiffs’ allegation that it failed to make a timely objection. As the Louisiana Patient Compensation Fund points out in its brief, the record is silent regarding any objections to the jury interrogatories. Nonetheless, the general rule requiring a timely objection to preserve the issue for appeal has been relaxed when the jury instructions or interrogatories contain a plain and fundamental error. Berg v. Zummo, 00-1699 (La.4/25/01), 786 So.2d 708, 716, n. 5; see also Audubon Orthopedic and Sports Medicine, APMC v. Lafayette Ins. Co., 09-0007, p. 16 (La.App. 4 Cir. 4/21/10), 38 So.3d 963, 975 (relaxing timely objection requirement in analogous situation because “the instructions contained in the jury interrogatories were not only confusing, but they also contained an incorrect statement of the law.”) A plain and fundamental error has been defined to mean one “so fundamental as to result in a miscarriage of justice.” Branch-Hines v. Hebert, 939 F.2d 1311, 1319 (5th Cir.1991). Such is the case here.
The plain and fundamental error in this case is the trial court’s failure to instruct the jury on the distinction between a loss of a chance of survival claim and a wrongful death claim, and its failure to give the jury the option of finding Woodland Village’s negligence caused Mr. Braud to lose a chance of survival. For this reason, I agree with the majority’s decision to reverse the trial court and to remand for a new trial. However, I would limit the issue to be litigated on remand 14to whether the plaintiffs have established a loss of a chance of survival claim and, if so, the value of their claim.

. The trial court's subsequently reduced the damage award to $500,000 to conform to the medical malpractice cap. In light of this court’s reversal of the jury's verdict, the issue raised by the plaintiffs’ answer of whether the trial court erred in reducing the award to conform to the cap is rendered moot.