**UNITED STATES of America,**
**Appellant,**

v.

**D. W. EVANS and Edith Evans,**
**Appellees.**

**No. 8665.**

United States Court of Appeals
Tenth Circuit.

Aug. 17, 1966.

Rehearing Denied Sept. 19, 1966.

an order entered and denominated "Order Sustaining Motion to Direct United States of America to Pay Deficiency Plus Interest and Judgment and Order of Distribution." The landowner has filed a motion to dismiss the appeal contending the notice of appeal was not timely filed.

The pertinent procedural facts, not being in dispute, are as follows: In 1962 the government filed two condemnation cases, each seeking to take tracts of land belonging to appellees and in 1964, filed a third case, seeking to take additional tracts from the same owners. Numerous other tracts were involved in these cases not belonging to appellees. The tracts being taken and belonging to appellees were not contiguous and were located in several different Counties of Kansas, but were all taken in connection with the construction of the John Redmond Dam and Reservoir in the District of Kansas. Appellees' various tracts were consolidated for trial, as to the issue of just compensation, before a commission appointed by the United States District Court for the District of Kansas, pursuant to Rule 71A(h), F.R.Civ.P. Trial was had before the commission and its report duly filed on April 20, 1965. The government filed written objections to the report, a hearing was had before one of the judges of the court and on July 15, 1965, the court entered a memorandum decision overruling the government's objections to the report and confirming the same in all respects, including the commission's findings as to just compensation to be allowed to appellees. On July 23, 1965, a formal order was entered journalizing the action of the court as reflected by the memorandum decision. The landowners, having not received all of the awarded compensation due them under the July 23rd order, on October 4, 1965, filed their motion to require the government to pay the deficiency and on October 14, 1965, the court sustained the motion in a journal entry entitled "Order Sustaining Motion to Direct United States of America to Pay Deficiency Plus Interest and Judgment and Order of Distribution." At the

A. Donald Mileur, Atty., Dept. of Justice (Edwin L. Weisl, Jr., Asst. Atty. Gen., Roger P. Marquis and Frank McAnear, Attys., Dept. of Justice, on the brief), for appellant.

A. Harry Crane, Topeka, Kan. (Ward D. Martin, Arthur L. Claussen, Harvey D. Ashworth, John Hamilton, Topeka, Kan., L. R. Hannen, Burlington, Kan., and Raymond L. Spring, Topeka, Kan., on the brief), for appellees.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

The government seeks to perfect an appeal, in three condemnation cases, from

October 14 hearing the government orally moved for the entry of a judgment in the matter. The order that was entered, recording the proceedings had at that time, contained not only an order directing the government to pay into the registry of the court the amount necessary to satisfy the full amount of compensation awarded plus interest but it contained all of the usual findings and orders of a journal entry concluding and closing a condemnation case.

■ The precise question is whether the July 23 order, approving and confirming the commissioners' report, constituted a final judgment as between appellant and appellees. At the outset, we are confronted with Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 and United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721. In Catlin a condemnation proceeding was involved and the appealability of an order entered was the issue. Speaking generally about a final appealable order in condemnation cases, the court said "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. * * * Hence, ordinarily in condemnation proceedings appellate review may be had only upon an order of judgment disposing of the whole case, and adjudicating all rights, including ownership and just compensation, as well as the right to take the property." The F. & M. Schaefer Brewing Company case held that a memorandum opinion did not constitute a final appealable order because it did not contain sufficient facts from which the amount of interest due could be computed. This case also points out that although no particular words are necessary to constitute a final judgment, if the instrument relied upon leaves doubt whether the trial judge intended it to be a final judgment, its notation on the docket does not constitute the entry of judgment under Rule 58 F.R. Civ.P.

■■ This court, in Carnes v. United States, 10 Cir., 279 F.2d 378, stated "When the Judge acts in a manner which clearly indicates his intention that the act shall be the final one in the case, and a notation of the act has been entered on the docket, the time to appeal begins to run under Rule 73(a)." Thus, in determining whether a judicial act is a final judgment, this court puts importance upon the intention of the judge. Viewing all of the facts and circumstances here, we cannot conclude that the able trial judge intended his July order to be a final judgment. The form of the order and its contents do not so disclose. It only approved and confirmed the report of the commissioners. It contained no direction to the clerk to enter a judgment, nor did it contain sufficient findings upon which the clerk could compute a money judgment, including the award of compensation plus the interest upon the same, due to the landowner. That computation was left for further consideration by the judge. The fact that a subsequent order was entered, which bears all of the earmarks of a final judgment and the further fact that the judge then expressly refused to say that his July 23rd order was intended as a final judgment compels us to the conclusion that the July order was not intended by the judge to be his final order in the controversy between the government and Evans.

■ Even if we were able to conclude that the trial judge intended the July order to be a final judgment, we do not believe that the order and the recording of it by the clerk, as reflected by the record before us, constituted the "entry of judgment" as contemplated by Rule 58, F.R.Civ.P.[1] It is important to note

1. "Subject to the provisions of Rule 54 (b): (1) [U]pon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum

that this Rule is prefaced with the statement "Subject to the provisions of Rule 54(b)" and that rule in pertinent part reads "When more than one claim for relief is presented in an action, * * * or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Under the facts present here, the three condemnation cases involved multiple parties and numerous claims for relief. The July order did not dispose of all of the claims or adjudicate the rights and liabilities of all of the parties and the trial judge did not expressly direct the entry of judgment as to appellees alone or make an "express determination that there is no just reason for delay * * *."

Also in connection with Rule 58 it should be noted that by its terms it applies to decisions of the court "that a party shall recover only a sum certain." As pointed out by appellant, the questionable order, even considered together with the report of the commission, did not recite the amount of just compensation, plus the interest on the deficiency to which appellees were entitled.

██ Because of appellees' contention that the October 14th order was not the final appealable order in the case we deemed it appropriate to have the Clerk

of the United States District Court for the District of Kansas send up the entire records from his office in the three numbered cases involved in this appeal. We have examined those records and they disclose that the October 14 order adjudicated all the remaining claims and rights and liabilities of all of the parties as contemplated by Rule 54(b), that the order was entered as a final judgment by the clerk pursuant to Rule 58 and that the appeal time commenced to run under Rule 73(a) upon the entry of such judgment.

The July 23 order was not a final appealable order and appellees' motion to dismiss the appeal is denied.

certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare,

sign, and enter the judgment without awaiting any direction by the court; * * *."