867 F.2d 1503
 Edward G. JONES, Plaintiff-Appellant,
and
Liberty Mutual Insurance Company, Intervenor-Appellant,
v.
The CELOTEX CORPORATION, A Wholly Owned SUBSIDIARY OF THE
JIM WALTER CORPORATION, and Aetna Casualty and
Surety Company, Defendants-Appellees.
 No. 87-3515.
 United States Court of Appeals,
Fifth Circuit.
 March 7, 1989.
 
 Ford T. Hardy, Jr., and Richard M. Martin, Jr., New Orleans, La., for plaintiff-appellant.
 Kathleen W. Will, Metairie, La., for Liberty Mut.
 Rene A. Pastorek, Gretna, La., for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC
 (Opinion October 14, 5th Cir., 1988, 857 F.2d 273)
 Before CLARK, Chief Judge, GARZA and POLITZ, Circuit Judges.
 PER CURIAM:
 
 
 1
 Following publication of our original opinion in this case, we granted Jones' motion for leave to secure correction of judgment in the district court. In the district court Jones sought to have the October 30, 1987 judgment corrected on the grounds that it did not mention one of the defendants in the case, William Walker. The district court refused to correct its judgment, finding that Jones had abandoned the claim against William Walker.
 
 
 2
 The subsequent action by the district court does not render the October 30, 1987 judgment non-final. An order that effectively ends the litigation on the merits is an appealable final judgment even if the district court does not formally include judgment on a claim that has been abandoned. Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n., 805 F.2d 663, 667 (7th Cir.1986), cert. denied, 480 U.S. 941, 107 S.Ct. 1593, 94 L.Ed.2d 782 (1987). Since there was no notice of appeal following the October 30, 1987 final judgment, our opinion properly dismissed the case for lack of jurisdiction.
 
 
 3
 We note that the dismissal does not result in inequity to Jones. The facts in the record plainly support the judgment notwithstanding the verdict. Absent the jurisdictional defect, the judgment surely would have been affirmed.
 
 
 4
 In all other respects, the petition for rehearing is denied and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc, (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is DENIED.