891 F.2d 1195
 1990 A.M.C. 2112, 15 Fed.R.Serv.3d 940
 Edward W. VAUGHN, Plaintiff,
v.
MOBIL OIL EXPLORATION AND PRODUCING SOUTHEAST, INC.,
Defendant-Counter-Claimant-Appellant,
v.
ELEVATING BOATS, INC., Defendant-Cross-Defendant-Appellee.
 No. 88-3804.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 16, 1990.
 
 Lee M. Peacocke, Fred E. Salley, Salley & Associates, New Orleans, La., for defendant-counter-claimant-appellant.
 Patrick Klotz, Laurence E. Best, Abbott, Webb, Best & Meeks, New Orleans, La., for defendant-cross-defendant-appellee.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before GARZA and JONES, Circuit Judges:[1]
 EDITH H. JONES, Circuit Judge:
 
 
 1
 Appellant, Mobil Oil Exploration and Producing Southeast, Inc. (Mobil) alleges error in the disposition of the district court on three separate grounds: (i) the jurisdiction of the trial court in withdrawing summary judgment for appellant and determining the case on the merits; (ii) the court's finding that Mobil was liable to appellee Elevating Boats, Inc. (EBI) on an indemnity theory; and (iii) the district court's denial of Mobil's motion to amend the judgment to grant it contribution from EBI. The first issue is dispositive and requires reversal and remand.
 
 
 2
 The undisputed facts are as follows: Mobil employed one Edward Vaughn in 1983 as a service supervisor of wireline operations aboard a "jack-up barge." Mobil time-chartered the barge from EBI, the owner and operator of the barge. While working, Vaughn slipped on some oil on the deck and sustained injuries. Mobil paid Vaughn benefits under the Longshore and Harbor Workers' Compensation Act. 33 U.S.C.A. §§ 901 et seq. (West 1986 & Supp.1989). Vaughn then sued Mobil for negligence and EBI for unseaworthiness.
 
 
 3
 From these simple facts sprang the complex proceedings that give rise to today's appeal. Vaughn's suit spurred an exchange of cross claims between Mobil and EBI. EBI cross-claimed against Mobil for indemnity; Mobil cross-claimed against EBI for contractual indemnity. Meanwhile, Vaughn settled independently with EBI and with Mobil. The court then attempted to adjudicate the remaining indemnity claims between Mobil and EBI, ordering the parties to submit the remaining claims to the court for a determination of the merits on the briefs and the evidence in the record. Accordingly, Mobil filed a motion for summary judgment. EBI opposed Mobil's motion but did not pursue its cross-claim. The court denied Mobil's motion and set a pretrial conference that EBI failed to attend. When EBI did not appear, Mobil reurged its motion for summary judgment, maintaining that the parties had agreed to submit the matter to the court for final determination of the merits. The court granted Mobil's motion as unopposed in September 1986, and on December 5 of that year granted judgment in favor of Mobil and against EBI. It is not clear from the record whether Mobil's motion for summary judgment addressed EBI's cross-claim. The court closed the case. EBI made no effort to pursue its claim until June 17, 1987.
 
 
 4
 With new counsel of record, EBI moved to vacate the 1986 judgment under rule 60(b)(6) of the Federal Rules of Civil Procedure. The court denied the motion to vacate on the grounds that the 1986 judgment was not a final judgment. According to the court, the 1986 judgment left open EBI's cross-claim and was, therefore, an interlocutory judgment over which the court retained plenary power. The court withdrew the 1986 judgment and ordered the parties to brief and submit the cross-claims for determination of the merits.
 
 
 5
 The court held that EBI and Mobil each were 50% at fault in causing the accident. Mobil was liable to EBI for 50% of the amount EBI paid in settlement under the court's finding that Mobil had breached its duty to provide a safe workplace under the Jones Act or under the Longshore and Harbor Workers' Compensation Act. Likewise, EBI was liable to Mobil for 50% of the amount Mobil paid in settlement. Mobil filed a motion to amend judgment, raising several issues. The court granted Mobil's motion in part and, apparently, denied it in part. Mobil contends that in its motion to amend, it requested contribution for the amounts it paid in compensation benefits. The order amending judgment does not mention this contribution claim.
 
 DISCUSSION
 
 6
 Mobil first contends that the 1986 judgment was final and that, therefore, the district court lacked authority to withdraw it and rule on the merits of the parties' cross-claims. The characterization of the disposition below crucially affects both the substantive rights of the parties and our power to entertain the instant appeal. Our status as an article III court of limited jurisdiction requires that we first address the jurisdictional point.
 
 
 7
 Courts of Appeals have jurisdiction over final decisions of the district court. 28 U.S.C.A. § 1291 (West Supp.1989). District courts retain plenary power over interlocutory judgments. See, e.g., Benjamin v. United States, 833 F.2d 669 (7th Cir.1987); Jetero Constr. Co. v. South Memphis Lumber Co., 531 F.2d 1348 (6th Cir.1976). The finality requirement straddles two policies central to the integrity of our court system: (i) the avoidance of piecemeal review, Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945), and (ii) the maintenance of the appellate courts as courts of review rather than of meddling and intervention, Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). No exact formulation of "finality" exists. The courts have, however, used various yardsticks to determine the finality of a judgment. Speaking on an admiralty matter, for example, we have observed that:
 
 
 8
 [i]n order for a decree to be final, it must necessarily dispose of the entire controversy and leave nothing further for the court to do in the cause.... The early case of Beebe v. Russell, 19 How. 283, 15 L.Ed. 668 (1857) succinctly stated the rule as follows:
 
 
 9
 "When a decree finally decides and disposes of the whole merits of the cause, and reserves no further questions or directions for the future judgment of the court, so that it will not be necessary to bring the cause again before the court for its final decision, it is a final decree."
 
 
 10
 Anastasiadis v. S.S. Little John, 339 F.2d 538 (5th Cir.1964). The intention of the judge is crucial in determining finality. Speaking in United States v. Evans, 365 F.2d 95 (10th Cir.1966), the Court of Appeals for the Tenth Circuit set forth the principle of interpretation thus:
 
 
 11
 This court, in Carnes v. United States, 10 Cir., 279 F.2d 378, stated "When the Judge acts in a manner which clearly indicates his intention that the act shall be the final one in the case, and a notation of the act has been entered on the docket, the time to appeal begins to run under Rule 73(a)." Thus, in determining whether a judicial act is a final judgment, this court puts importance upon the intention of the judge.
 
 
 12
 365 F.2d at 97.
 
 
 13
 Moreover, the Supreme Court has consistently emphasized that, consonant with legislative intent, a "practical rather than a technical construction" best serves the policies underlying the purposes of the finality requirement. Forgay v. Conrad, 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848); Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Thus, we are inclined to fasten finality upon a judgment that reflects the intention of the judge to dispose of all the business before him or her. The December 1986 judgment is such a judgment.
 
 
 14
 The facts show that on December 6, 1986, Judge Sear handed down a judgment couched in language calculated to conclude all claims before him.[2] The judge found for Mobil and against EBI on Mobil's claim for contribution. The language was specific and heavy with conclusion. Nothing in the district court's disposition suggested that judgment was incomplete. Indeed, the judge closed the case. The clerk, obeying rules 58 and 79 of the Federal Rules of Civil Procedure, entered judgment. The parties went home. In all respects, and to all parties, judgment was final. When, after the passage of nine months, EBI reurged its long-abandoned cross-claim in the district court, it did so via a motion to set aside judgment pursuant to rule 60(b) of the Federal Rules of Civil Procedure. Thus, even when it was contrary to its interests, EBI treated the December judgment as final. In these circumstances, we conclude that the district court erred in later denominating the December judgment interlocutory.
 
 
 15
 EBI vainly hitches its argument against finality to rule 54(b).[3] Rule 54(b) applies to facilitate review in multiple-party and/or multiple claim cases by empowering the district court to enter judgment before pronouncing on all of the claims before it. Appellee, EBI, maintains that the December 1986 judgment left its cross-claim open and that, therefore, by not including an express determination that there was no reason for delay in taking an appeal, the district court's judgment remained interlocutory. Appellee has scuttled its rule 54 argument by its failure to meet the threshold requirement of maintaining a multiple claim suit. Rule 54 does not reach out to preserve claims that the parties do not actively pursue. In the instant case, appellee failed on two separate occasions to urge its cross-claim outlined in its pleadings. First, counsel for EBI failed to appear at the pretrial conference and second, EBI did not present its cross-claim to the district court for consideration. Ample authority exists that trial courts will not rule on claims--buried in pleadings--that go unpressed before the court. Federal Deposit Ins. Corp. v. Castle, 781 F.2d 1101, 1104 (5th Cir.1986).
 
 
 16
 The failure to present a theory of recovery or defense to the district court involves waste of judicial and private resources and should be strongly discouraged. In many cases, the failure to pursue a point before the trial court inevitably leads to the conclusion that the issue will not receive judicial consideration.
 
 
 17
 781 F.2d at 1104. We can only construe appellee's failure to urge its claims before the district court as an intention to abandon that part of its case. Appellee's abandonment, therefore, removed the suit from rule 54(b). See Mid City Management Corp. v. Loewi Realty Corp., 643 F.2d 386, 388 n. 2 (5th Cir. Unit A April 1981). The fact that the December judgment did not mention appellee's cross-claim is neither here nor there; appellee's own behavior caused its claim to lapse. It is clear to us that the district court believed itself entirely quit of the case. See Lockwood v. Wolf Corp., 629 F.2d 603, 608 (9th Cir.1980) (counterclaim pleaded but not argued before the court; judgment not mentioning counterclaim final--"[t]he district court obviously was not trying to adjudicate fewer than all the pleaded claims." ) Further, EBI having abandoned its cross-claim, the judgment of the district court did in fact dispose of all the live issues before it. In the recent case of Jones v. Celotex Corp., 867 F.2d 1503 (5th Cir.1989) (opinion denying rehearing), we held that "[a]n order that effectively ends the litigation on the merits is an appealable final judgment even if the district court does not formally include judgment on a claim that has been abandoned." Id. at 1503-04 (citations omitted). That the district court's disposition of the instant case was by way of grant of an unopposed motion for summary judgment does not alter the fact of abandonment on appellee's part; we cannot bend rule 54 to accommodate appellee. Accordingly, we conclude that the district court exceeded its authority in withdrawing the December judgment. That judgment is final and the proper mechanism for appellee to employ was a motion pursuant to rule 60(b) for relief from a final judgment.
 
 
 18
 The court received but did not rule on EBI's motion according to the standards set forth in rule 60(b). Consequently, we now reverse and remand to permit it to do so. Of course, we express no opinion on the merits of the rule 60(b) motion or on the substantive issues raised by the parties.
 
 
 19
 REVERSED and REMANDED.
 
 
 
 [1]
 As Judge Gee had to stand recused in this case, it is being decided by a quorum of the panel which heard oral argument
 
 
 [2]
 The relevant portion of the judgment of the district court reads as follows:
 IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Mobil Oil ... and against [EBI] paid to plaintiff, Edward W. Vaughn, in contribution to settlement, $34,588.34 as allocated defense costs and $4,763.33 for compensation and medical expenses paid to Edward W. Vaughn, together with interest from September 15, 1985, and all costs....
 
 
 [3]
 Fed.R.Civ.P. 54(b) provides in pertinent part:
 (b) Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however, designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.