# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-3460

_____

|  |  |  |
|---|---|---|
| Michael Tyrone Cornice, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Clifford Terry, Warden, Wrightsville | * | |
| Unit, Arkansas Department of | * | |
| Correction (sued as "C. Terry"); | * | |
| Brooks Parks, Treatment Coordinator, | * | |
| Wrightsville Unit, Arkansas | * | |
| Department of Correction; R. Kinney, | * | Appeal from the United States |
| Sgt., Laundry Supervisor, | * | District Court for the |
| Wrightsville Unit, Arkansas | * | Eastern District of Arkansas. |
| Department of Correction; Leonard | * | |
| Evans, Pine Bluff Unit; Ronnie Dobbs, | * | [UNPUBLISHED] |
| Pine Bluff Unit (originally sued as | * | |
| Ron Dobbs); Marie Lindsey, Garment | * | |
| Factory, Cummins Unit (originally | * | |
| sued as Ms. Linzy); Robert Vilches, | * | |
| Classification, Cummins Unit | * | |
| (originally sued as Mr. Bichers); Bill | * | |
| Terry, Classification, Cummins Unit | * | |
| (originally sued as Mr. Terry); Max | * | |
| Mobley, Dr.; Reed, Warden; Larry | * | |
| Norris, Individually and as Director of | * | |
| the Arkansas Department of | * | |
| Correction, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: May 7, 1999

Filed: May 19, 1999

_____

Before FAGG, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Michael Tyrone Cornice appeals from the district court's[1] order dismissing his action alleging discrimination and privacy violations against Arkansas Department of Correction (ADC) employees and officials. We affirm.

Mr. Cornice filed, through appointed counsel, a complaint alleging disability discrimination under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. (ADA), and section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and also alleging wrongful disclosure of medical information. On appeal, Mr. Cornice challenges the district court's grant of qualified immunity and its findings of fact. He also argues, inter alia, that he should have been permitted to pursue Eighth Amendment claims and a claim that he was discriminatorily denied admission to a work-release program, and that his appointed attorney was "ineffective."

After reviewing the evidence, we conclude the district court's factual findings regarding the ADA, section 504, and wrongful-disclosure claims were not clearly erroneous. See Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993) (standard of review). We also conclude that the factual findings require entry of judgment for defendants on the merits on these claims, and thus, we do not address the issue of

_____

[1]The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas, adopting the reports and recommendations of the Honorable Harry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

qualified immunity.  See Griffin v. City of Milwaukee, 74 F.3d 824, 827 (7th Cir. 1996).

With regard to Mr. Cornice's contention that the court should have considered constitutional claims that were in his original pro se complaints, we conclude that these complaints were superseded when counsel filed a second amended complaint. See In Home Health, Inc. v. Prudential Ins. Co., 101 F.3d 600, 603-04 (8th Cir. 1996). We also note that after complaining that counsel was not pursuing his constitutional claims, more than once Mr. Cornice failed to accept the court's offers to proceed pro se, more than once--after indicating he wanted to discharge counsel--notified the court that he wanted counsel to continue representing him, and declined an offer to explain to the court why he should not be bound by his attorney's choice of claims. We therefore conclude that the court was entitled to rely upon counsel's pleadings, rather than Mr. Cornice's pro se pleadings. See 28 U.S.C. § 1654 (in all federal courts "parties may plead and conduct their own cases personally or by counsel") (emphasis added); Brasier v. Jeary, 256 F.2d 474, 478 (8th Cir.) (under § 1654, civil litigant had no right to appear pro se and be represented by counsel at same time), cert. denied, 358 U.S. 867 (1958).

As to Mr. Cornice's argument that he should have been allowed to pursue his work-release claim, we find this claim was abandoned when counsel did not mention it in response to defendants' summary judgment motion and failed to provide support for it at an evidentiary hearing. See Vaughn v. Mobil Oil Exploration and Producing Southeast, Inc., 891 F.2d 1195, 1198 (5th Cir. 1990). We further conclude that Mr. Cornice's contention that appointed counsel was "ineffective" is no basis for relief here. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988).

After carefully reviewing Mr. Cornice's remaining arguments, we find them to be without merit. We also deny his pending motions.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.