In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00335-CV**

_____

**ERIC PAYNE, ZENOBIA PAYNE, BARRY JACKSON,RHONDA SMITH, MICHAEL THOMAS AND JOETTA DARBY, Appellants**

**V.**

**JEFFERSON COUNTY, TEXAS AND SHERIFF MITCH WOODS IN HIS OFFICIAL CAPACITY, Appellees**

**On Appeal from the 136th District Court**
**Jefferson County, Texas**
**Trial Cause No. D-177,687**

**MEMORANDUM OPINION**

Appellants, Eric Payne, Zenobia Payne, Barry Jackson, Rhonda Smith, Michael Thomas, and Joetta Darby, challenge the trial court's rendition of summary judgment in favor of appellees, Jefferson County, and Sheriff Mitch

1

Woods (referred to collectively as "the County").[1]  In their sole issue, Appellants contend that the trial court erred in granting summary judgment in favor of Appellees on their defenses of res judicata and collateral estoppel.  We affirm the trial court's judgment.

## I. Factual and Procedural Background

Appellants were all employees of the Jefferson County Sheriff's Office and Jefferson County, Texas on September 22, 2005, when a Jefferson County judge issued a Mandatory Evacuation Order requiring all Jefferson County residents to evacuate due to Hurricane Rita's predicted landfall. All Appellants, except Eric Payne, missed a number of days from work after the hurricane. Thereafter, the Sheriff's Office terminated Zenobia Payne, Smith, Thomas, Jackson, and Darby for failing to report to work during or following the hurricane. While Eric Payne did not miss work as a result of the hurricane, he was demoted for "'violating [the] chain of command and interfering with [the] integrity of Department[,]'" and he ultimately resigned from service.

---

[1] Appellants contend they brought suit in state court under both Chapters 21 and 22 of the Texas Labor Code.  *See generally* Tex. Lab. Code Ann. §§ 21.001-.556 (West 2006); Tex. Lab. Code Ann. §§ 22.001-.004 (West 2006). However, in Appellants' petition, contained in the appellate record, Appellants only alleged a cause of action under Chapter 22 of the Texas Labor Code.

2

Appellants filed this state court action on September 14, 2006, alleging that the County violated Chapter 22 of the Texas Labor Code when it disciplined or otherwise terminated them for their compliance with the County's Mandatory Evacuation Order. On October 4, 2006, Appellants also filed a federal court action. In the federal court action, they alleged causes of action under Title VII, the Age Discrimination in Employment Act (ADEA), and the Civil Rights Act of 1991 for employment discrimination based on race, age, and gender, as well as for retaliation. In the federal action, Appellants did not specifically plead a cause of action under the Texas Labor Code. However, the state-law claims were included in the federal court's final pretrial order,[2] which supplants all previous pleadings, and controls all subsequent action in the federal litigation. *See McGehee v. Certainteed Corp.*, 101 F.3d 1078, 1080 (5th Cir. 1996) ("'It is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial.'" (quoting *Branch-Hines v. Hebert*, 939 F.2d 1311, 1319 (5th Cir. 1991))). A United States Magistrate Judge

---

[2] In the federal court's final pretrial order, it identified as one of Appellants' contentions that, "[a]t the time, Texas Statutory law, Tex. Labor Code §22.002 provided that 'an employer may not discharge or in any other [manner] discriminate against an employee who leaves the …place of employment to participate in a general public evacuation ordered under an Emergency Evacuation Order[.]'" The pretrial order also reflects that the parties jointly submitted and agreed to the order.

conducted a bench trial of Appellants' federal case, which resulted in a take-nothing judgment. *See generally* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. While Appellants filed an appeal, the Fifth Circuit dismissed the appeal for want of prosecution.

Thereafter, on May 18, 2012, the County filed a "Motion for Judgment"[3] in the state court action contending that the state action was barred by the doctrines of res judicata and collateral estoppel. The County argued that Appellants alleged identical facts and claims in the state lawsuit as they had in the federal suit. As evidence, the County attached court documents from the federal case, including: the Final Pretrial Order; the Findings of Fact and Conclusions of Law; the Final Judgment; a letter from the federal court clerk dismissing the appeal of the federal case for want of prosecution; and the civil docket sheet from the federal case. In response, Appellants argued that res judicata was not appropriate because the federal court abstained from ruling on the State court claims. In support of their contention, Appellants attached a number of court documents from the federal case. Among the evidence they submitted was their original complaint, the order of the U.S. Court of Appeals dismissing their appeal for want of prosecution, and the reporter's record of the bench trial held before the Federal Magistrate Judge. The

---

[3] The parties agreed that the County's "Motion for Judgment" would be treated as a motion for summary judgment.

4

trial court granted the County's motion for judgment and issued a letter ruling explaining his decision. This appeal followed.

## II. Standard of Review

The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). When a defendant moves for summary judgment it must disprove at least one element of the plaintiff's cause of action or plead and conclusively establish each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997); *Cathey v. Booth*, 900 S.W.2d 339, 341(Tex. 1995). When deciding whether there is a disputed, material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon*, 690 S.W.2d at 548-49. Every reasonable inference must be indulged in favor of the non-movant and any doubts must be resolved in its favor. *Id*. at 549.

## III. Res Judicata

Where, as here, the original judgment was entered in a federal proceeding, federal law controls the preclusive effect of the federal court judgment on a later state court proceeding. *See Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1172

(5th Cir. 1992); *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 718 (Tex. 1990). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). "'[W]hen two actions are pending which are based on the same claim, or which involve the same issue, it is the final judgment first rendered in one of the actions which becomes conclusive in the other action . . . regardless of which action was first brought.'" *Hogue v. Royse City*, *Texas*, 939 F.2d 1249, 1255 (5th Cir. 1991) (quoting from RESTATEMENT (SECOND) OF JUDGMENTS § 14, cmt. a); *see also Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937-38 (5th Cir. 2000). To establish the defense of res judicata, a defendant must show: (1) the parties are identical in both suits; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there is a final judgment on the merits; and (4) the same cause of action is involved in both cases. *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990). In analyzing the elements to establish a res judicata defense, we note that Appellants do not contest that the parties in both the state and federal cases are identical. There is also no dispute that the federal court had competent original jurisdiction. Because the County met the first two prongs of the test, we only analyze the remaining two prongs.

6

A. Final Judgment on the Merits

The Fifth Circuit has held that "[a] final judgment is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Moreau v. Harris Cnty.*, 158 F.3d 241, 244 (5th Cir. 1998) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978)). "'[E]ven if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, *so long as the judgment in the first suit remains unmodified*.'" *Landmark Land Co. v. Office of Thrift Supervision*, 990 F.2d 807, 811 (5th Cir. 1993) (quoting *S. Pac. R.R. Co. v. United States*, 168 U.S. 1, 48-49, 18 S. Ct. 18, 42 L. Ed. 355 (1897)). Appellants dispute that the federal court chose to exercise its supplemental jurisdiction over the state-law claims, and thus they contend that the court never disposed of the state-law claims presented in State court.

In determining the finality of judgments, the Fifth Circuit has "advocated a practical interpretation that looked to the intention of the district court and held that if the judgment reflects an intent to dispose of all issues before the district court, we will characterize that judgment as final." *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 525 (5th Cir. 2005) (internal quotation marks and citations omitted). If a party

7

abandons one of its claims, a judgment that disposes of all remaining theories is final so long as it is apparent that the district court intended the judgment to dispose of all claims. *Chiari v. City of League City*, 920 F.2d 311, 314 (5th Cir. 1991).

In *DIRECTV*, the federal district court granted summary judgment to DIRECTV (DTV) on one of its claims, but did not explicitly address its other claims. *DIRECTV*, 420 F.3d at 524. On appeal, DTV argued that because the district court only disposed of one of DTV's claims, the decision below was not final. *Id*. The court explained the general rule that when a district court only addresses one claim in a multi-claim situation, the judgment is not final unless the court abides by the provisions of Rule 54 of the Federal Rule of Civil Procedure. *Id*. The court noted that the district court did not follow Rule 54, but concluded the judgment was nevertheless final because DTV had abandoned its remaining claims, and the district court intended to dispose of all claims before it. *Id*. at 525-26.

This case is similar to *DIRECTV*. In reviewing the bench trial transcript, we note that Appellants did not argue or specifically present evidence in support of their state-law claims. Appellants rely heavily on the County's proposed findings of fact and conclusions of law wherein the County proposed to the federal court

that it decline to exercise jurisdiction over the state-law claims. Appellants argue that the federal court adopted the County's proposition and declined to exercise its supplemental jurisdiction. There is no evidence in the record that the federal court declined to exercise its supplemental jurisdiction, nor is there a finding of fact or conclusion of law that would support the court's decision to decline jurisdiction.[4] *Cf. El Paso Natural Gas Co. v. Am. Petrofina Co. of Tex.*, 733 S.W.2d 541, 552 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.) (concluding that when a federal court specifically declined to exercise pendent jurisdiction over certain

---

[4] Section 1367 provides that Federal courts have supplemental jurisdiction over state-law claims when they are joined with a claim over which the federal court has original "federal question" jurisdiction, and when the claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Subpart (c) provides that district courts may decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c).

state claims, then the federal judgment did not operate as res judicata in the state action dealing with those claims). In reviewing Appellants' proposed findings of fact to the federal court, we note that Appellants listed their claims against the County, but did not include their state-law claims. Likewise, Appellants did not propose to the court any conclusions of law regarding their state-law claims. There is also no evidence in the record that Appellants asked the federal court to amend or make additional findings of fact and conclusions of law upon realization that the state-law claims were not represented in the judgment.[5] *See* Fed. R. Civ. P. 52(b). Appellants appealed the federal court's judgment to the Fifth Circuit, but there is no evidence in the record that the judgment or parties attempted to comply with the requirements of Rule 54(b) of the Federal Rule of Civil Procedure to allow for appeal of only part of their claims. *See* Fed. R. Civ. P. 54(b). The basis behind

---

[5] The Federal Rules of Civil Procedure establish steps for amending the court's findings or motioning the court to make additional findings. *See* Fed. R. Civ. P. 52(b). If Appellants found the federal court's findings deficient or inadequate in any way, the proper remedy was to request additional findings to clarify the federal court's intentions. Where the trial court fails to make findings, or to find on a material issue, and an appeal is taken, the appellate court will normally remand the action for appropriate findings to be made. *See Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714, 106 S. Ct. 1527, 89 L. Ed. 2d 739 (1986) ("If the Court of Appeals believed that the District Court had failed to make findings of fact essential to a proper resolution of the legal question, it should have remanded to the District Court to make those findings."). However, as noted above, Appellants' appeal was dismissed pursuant to Rule 42.3 of the Fifth Circuit Rules for want of prosecution. *See* 5TH CIR. R. 42.3.

10

Appellants' decision not to pursue their state-law claims during the federal trial is not clear from the appellate record. We construe Appellants' failure to urge its state-law claims during trial before the federal court as an intention to abandon that portion of their case. *See Farias v. Bexar Cnty. Bd. of Trs.*, 856 S.W.2d 218, 224 (Tex. App.—San Antonio 1993, writ denied) (citing *Casto v. Arkansas-Louisiana Gas Co.*, 597 F.2d 1323, 1326 (10th Cir. 1979)).

We further conclude that the federal court intended to dispose of the entire case when it entered judgment. The federal court's order was stylized "Final Judgment." While this alone is not dispositive, it is suggestive of the court's intention. In its findings of fact and conclusions of law, the federal court identified Appellants' claims against the County, but missing from its discussion is any reference to the state-law claims. In the judgment, the court ordered, "Plaintiffs take nothing of and from their claims against the Defendants." The court further ordered, "All relief which is not specifically granted herein, and all pending motions not previously ruled upon, are denied." The judgment also directed the clerk of the court to close the case. Based on this evidence, we conclude that Appellants abandoned their state-law claims and that the federal court intended to treat those claims as abandoned. "An order that effectively ends the litigation on the merits is an appealable final judgment even if the district court does not

formally include judgment on a claim that has been abandoned." *Jones v. Celotex Corp.*, 867 F.2d 1503, 1503-04 (5th Cir. 1989). We conclude that the federal court judgment is a final judgment disposing of all claims. "The principle of res judicata works to prohibit relitigation of abandoned causes of action." *Farias*, 856 S.W.2d at 224. The County satisfied the third element of its res judicata defense.

### B. Same Cause of Action

In analyzing the fourth prong of the res judicata test, the federal court applies the transactional test of Section 24 of the Restatement (Second) of Judgments. *Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 870-71 (5th Cir. 1984) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 24). The issue then is whether the two actions under consideration are based on "'the same nucleus of operative facts.'" *In re Baudoin*, 981 F.2d 736, 743 (5th Cir. 1993) (quoting *In re Howe*, 913 F.2d 1138, 1114 (5th Cir. 1990)). Under the transactional test, when a plaintiff's claim is extinguished by a final judgment "the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Southmark Props.*, 742 F.2d at 871 n.12. "The existence of numerous legal theories, or the availability of numerous remedies arising out of a series of events, do not create multiple transactions for res judicata purposes."

12

*Farias*, 856 S.W.2d at 223 (citing *Southmark Props.*, 742 F.2d at 871). The court looks at "the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies." *Eubanks v. F.D.I.C.*, 977 F.2d 166, 171 (5th Cir. 1992).

When considering the facts of both the federal and state cases, it is apparent that the same "transaction" is at issue in both suits. In both cases, Eric Payne alleged the County wrongfully and constructively discharged him because of decisions he made, while on duty, that were related to the hurricane evacuation order. In both cases, the remaining Appellants alleged that the County wrongfully disciplined and ultimately terminated each of them for complying with the Mandatory Evacuation Order and not timely returning to work. In both cases, their claims arise out of the same incident—the Sheriff's reaction to their decisions not to return to work as scheduled. Both the state and federal claims seek to recover for the same injuries—damages associated with Appellants' unemployment and their inability to obtain comparable jobs in the workforce. We conclude the two actions share the same nucleus of operative facts and the County met the fourth prong of its res judicata defense.

## IV. Conclusion

Because we conclude that the trial court properly granted summary judgment on res judicata, we need not address Appellants' remaining issue. *See*

Tex. R. App. P. 47.1. We affirm the trial court's final judgment in favor of Jefferson County and Sheriff Mitch Woods.

    AFFIRMED.



                                          CHARLES KREGER
                                              Justice

Submitted on May 22, 2013
Opinion Delivered September 5, 2013

Before Gaultney, Kreger, and Horton, JJ.