Michael McGEHEE, Gayln McGehee, Plaintiffs,

v.

CERTAINTEED CORPORATION, Defendant–Appellee.

VETROTEX CERTAINTEED CORP., Defendant/Third–Party Plaintiff–Appellee,

v.

Lloyd SWAIM, d/b/a Insulation Specialities, Third–Party Defendant–Appellant.

No. 95–10496.

United States Court of Appeals, Fifth Circuit.

Dec. 10, 1996.

Harold Raymond White, Banner, Briley & White, Wichita Falls, TX, for plaintiffs.

Dorothy D'Lyn Davison, Sparkman & Davison, Wichita Falls, TX, Mark Edward Golman, Storey, Armstrong, Steger & Martin, Dallas, TX, for Certainteed Corp. and Vetrotex Certainteed Corp.

Jennifer Bruch Hogan, Holman, Hogan, Dubose & Townsend, Houston, TX, for Lloyd Swaim dba Insulation Specialities.

Before POLITZ, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

POLITZ, Chief Judge:

Lloyd Swaim d/b/a Insulation Specialities, third-party defendant, appeals a judgment finding him liable to third-party plaintiffs on the basis of an indemnity agreement. We vacate and remand for trial on the alleged indemnitor's actual knowledge of the indemnity provision.

### Background

Swaim contracted to provide laborers to work at a fiberglass manufacturing plant owned and operated by Vetrotex Certainteed Corporation near Wichita Falls, Texas. The contractual agreement was contained in a purchase order issued by Certainteed Corporation [1] on March 22, 1990. The purchase order was signed by a representative of Certainteed; it was not signed by Swaim or any of his agents or employees.

Michael McGehee was one of the laborers supplied. On September 17, 1990 McGehee was injured while working at Vetrotex's facility. McGehee filed suit in state court in 1992 against Vetrotex and Certainteed; the case was removed based on diversity jurisdiction.

In February of 1994 Vetrotex filed a third-party complaint against Swaim, invoking an indemnity provision found on the back of the Certainteed purchase order.[2] On the front of the purchase order there appeared the following inscription:

Please enter our order for material or services shown below subject to all terms, conditions and instructions contained herein and on the reverse side.

This sentence was inscribed in comparatively small print, but was highlighted in red. On the reverse side of the purchase order there are 19 numbered paragraphs, without headings, in very small italic print. Paragraph number 18 contains the indemnity agreement relied upon by Vetrotex:

Seller agrees to protect, defend and save Buyer harmless from and against any and all expense, claims, demands or causes of action of every kind arising out of, incident to or resulting directly or indirectly from the performance by Seller, hereunder, whether such loss, damage, injury or liability is contributed to by the negligence of Buyer or its employees or whether due to imperfections of any material furnished by Buyer or by premises themselves or any equipment thereon whether latent or patent or from other causes whatsoever, except that Seller shall have no liability for damages caused by the sole negligence of Buyer.

Swaim moved for summary judgment on the ground that the indemnity agreement was not conspicuous and was therefore unenforceable under Texas law. Vetrotex responded by asserting both that the agreement was conspicuous and that, in any case, Swaim had actual knowledge of the agreement. The district court found the agreement to be "sufficiently conspicuous" and denied Swaim's motion for summary judg-

---

1. The corporate relationship, if any, between Vetrotex and Certainteed is neither indicated in the record nor clarified in brief.

2. Only Vetrotex filed pleadings naming Swaim as third-party defendant. In Subparagraph B(1) of the Joint Pretrial Order, however, it was stated that "Certainteed Corporation ... asserts the same defenses and contentions as Vetrotex Certainteed Corporation and they shall be jointly referred to as 'Certainteed.'" In the ensuing paragraphs, every reference to the indemnity agreement mentioned "Certainteed," as defined above, in the role of third-party plaintiff/alleged indemnitee. Swaim lodged no objections to this order.

ment. Swaim moved for reconsideration; the district court denied this motion, and in doing so added to its prior reasons "that the indemnity clause on the PO was also conspicuous based upon [Swaim's] actual knowledge of the indemnification requirement."

The case proceeded to a jury trial. At the close of evidence Swaim moved for judgment as a matter of law on the conspicuousness of the indemnity provision; the district court denied the motion, stating it did not wish to reconsider its earlier ruling. The jury found both Certainteed and McGehee to be negligent, and apportioned fault at 97% for Certainteed and 3% for McGehee. The district court entered a judgment in favor of McGehee and against Certainteed and Vetrotex in the amount of $889,958.40, and in favor of Certainteed and Vetrotex and against Swaim for the same amount. The district court denied Swaim's post-judgment motions.

Swaim, Vetrotex, and Certainteed appealed. Vetrotex and Certainteed have since dismissed their appeals and the judgment in favor of McGehee is now final. The district court also granted a postverdict motion by Vetrotex and Certainteed for attorneys' fees but the record does not reflect the amount. The sole issue on appeal is the propriety of the indemnity award against Swaim in favor of Certainteed and Vetrotex.

### *Analysis*

Swaim contends that Certainteed is not entitled to indemnity because only Vetrotex filed third-party pleadings seeking indemnity from him and he never consented to treat the two corporations as one. Swaim, however, signed and did not object to a pretrial order which recited that "Certainteed Corporation ... asserts the same defenses and contentions as Vetrotex Certainteed Cor-

poration and they shall be jointly referred to as 'Certainteed.'" "It is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial."[3] This contention by Swaim lacks merit.

We next address whether the indemnity provision was sufficiently conspicuous to justify its enforcement against Swaim. In Texas, indemnity agreements must give "fair notice" of their contents and effect.[4] One component of such "fair notice" is the conspicuousness requirement,[5] namely that an indemnity clause included in a contract be presented so that "a reasonable person against whom a clause is to operate ought to have noticed it."[6] This is a question of law which we review *de novo*.

A review of the purchase order and the jurisprudence impels the conclusion that this case is controlled by the most recent authoritative statement from the Texas Supreme Court on the conspicuousness standard, *Dresser Industries, Inc. v. Page Petroleum, Inc.*[7] *Dresser* involved two work order forms, each depicting an incorporation provision on the front side of the contract and, respectively, 18 and 9 uniformly printed and numbered paragraphs on the reverse side.[8] The court in *Dresser* made the following specific analysis:

> In applying [the reasonable indemnitor standard] to the contractual provisions at issue in this case, we conclude that [they] are not conspicuous. In both contracts, the provisions are located on the back of a work order in a series of numbered paragraphs without headings or contrasting type. Furthermore, the contracts are not so short that every term in the contracts

---

3. *Branch–Hines v. Hebert*, 939 F.2d 1311, 1319 (5th Cir.1991) (citation omitted).

4. *Ethyl Corp. v. Daniel Constr. Co.*, 725 S.W.2d 705 (Tex.1987).

5. The other component of the "fair notice" requirement, the "express negligence" rule, is not an issue in this case. See *Enserch Corp. v. Parker*, 794 S.W.2d 2, 8 (Tex.1990) (citation omitted) (someone indemnifying a party "from the consequences of its own negligence must express that

intent in specific terms within the four corners of the contract").

6. *Dresser Industries, Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 511 (Tex.1993) (citation omitted) (adopting standard for conspicuousness posited by Uniform Commercial Code).

7. *Id.*

8. *Id.* at 511 n. 6.

must be considered conspicuous. Therefore, we hold that these contractual exculpatory provisions are without effect since they do not comply with the fair notice requirement of conspicuousness.[9]

Despite the contrary contentions of the appellees, these contracts are analytically indistinguishable from the purchase order involved in the case at bar. Accordingly, we conclude that the district court erred as a matter of law in finding the indemnity provision to be conspicuous.[10]

■ Appellees maintain that if we find the indemnity provision to be inconspicuous we should affirm the judgment nonetheless, based upon Swaim's actual knowledge of the provision.[11] In denying Swaim's motion for reconsideration the district court noted its belief that Swaim had such knowledge. The question of Swaim's actual knowledge was subsequently listed in the pretrial order as a contested question of fact,[12] but we find no evidence was introduced at trial regarding Swaim's knowledge and the issue was not submitted to the jury. We cannot conclude that the district court impliedly found actual knowledge by its entering judgment against Swaim; it had concluded as a matter of law that the indemnity provision was conspicuous and by its decision there was no need for a determination, by judge or jury, on Swaim's actual knowledge. Because a disputed and unresolved issue of material fact remains, we must vacate and remand this case to the district court for trial on the issue of actual knowledge.

VACATED and REMANDED.

---

9.  *Id.* at 511 (footnote omitted).

10.  We note that Paragraph 19 on the back of the purchase order is a choice-of-law provision stating that Pennsylvania law shall govern the construction and application of the agreement and that disputes between the parties will be settled by arbitration in the City of Philadelphia. At oral argument it was revealed that this provision was never noticed by counsel. It is in the same print and immediately below the critical Paragraph 18. We find this incident illustrative of the inconspicuous nature of the numerous provi-

sions in fine italic print on the rear side of the purchase order.

11.  *Dresser*, supra, 853 S.W.2d at 508 n. 2 ("The fair notice requirements are not applicable when the indemnitee establishes that the indemnitor possessed actual notice or knowledge of the indemnity agreement."), citing *Cate v. Dover Corp.,* 790 S.W.2d 559, 561 (Tex.1990).

12.  *See U.S. Rentals, Inc. v. Mundy Service Corp.,* 901 S.W.2d 789 (Tex.App.—Houston [14th Dist.] 1995).