IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-20522

CANATXX ENERGY VENTURES, INC.,

Plaintiff-Appellee,

v.

GENERAL ELECTRIC CAPITAL CORP.,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:99-cv-04425

Before BARKSDALE, BENAVIDES AND DENNIS, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge:[*]

Appellant General Electric Capital Corporation ("GECC") appeals from the district court's judgment, following a jury trial, awarding actual and exemplary damages for breach of fiduciary duty, constructive fraud, unfair competition, and civil conspiracy. For the following reasons, we reverse the judgment of the trial court and render judgment in favor of Appellant on all claims.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Plaintiff-Appellee Canatxx Energy Ventures, Inc. ("Canatxx"), is a Texas-based energy project developer. In November 1996, Canatxx and General Electric Power Systems, Inc. ("GEPSI"), signed a memorandum of understanding ("MOU") initiating the early stages of a joint project, conceived by Canatxx, to integrate a gas turbine electric power plant with a nearby gas storage facility near Fleetwood, England. The MOU also included another prospective power plant location in Anglesey, Wales. Under the MOU, Canatxx was the developer of the project and initially owned the project assets, while GEPSI provided funding and was thereby able to accrue up to a fifty percent equity interest in the project. The MOU named "GE Capital Capital Markets Group" as the financial advisor to the project. In July 1997, Canatxx and GEPSI signed an exclusive financial advisory agreement ("FAA") with the "Capital Markets Group of GE Capital Ltd.," which is described therein as an affiliate of Appellant GECC.

Disagreements arose and Canatxx and GEPSI signed an agreement ending the joint project ("Dissolution Agreement"). Under the terms of the Dissolution Agreement, Canatxx received the gas storage portion of the joint project (the "Gas Storage Project"), the Anglesey power project, and approximately $3.6 million, while GEPSI received the Fleetwood power project. The Dissolution Agreement contained a release and indemnification provision that granted releases to each party and their respective affiliates for any claims "arising from or in connection with" the assets they received. Appellant GECC was not a party to the Dissolution Agreement.

In November 1999, Appellee Canatxx sued GEPSI in federal district court, alleging breach of fiduciary duty, constructive fraud, unfair competition, and civil conspiracy. GEPSI moved to compel arbitration under an arbitration clause contained in the Dissolution Agreement. Canatxx added identical claims against

Appellant GECC. The district court granted GEPSI's arbitration motion, but refused to stay the claims against GECC or compel their arbitration. This court reversed in part, holding that GECC was entitled to a stay but was not entitled to an order compelling arbitration. Hill v. Gen. Elec. Power Sys., 282 F.3d 343 (5th Cir. 2002). Canatxx then dismissed with prejudice its claims against GEPSI, allowing the instant litigation against GECC to proceed.

The district court prohibited the parties from filing any summary judgment motions in the underlying proceedings. During the course of the trial, Canatxx argued that GECC conspired with GEPSI to force Canatxx out of the joint project, prevented Canatxx from obtaining crucial third-party project funding, and used its status as financial advisor to deter third-party financing offers while failing to perform its assigned tasks under the FAA. The jury found GECC committed a breach of its fiduciary duty to Canatxx, constructive fraud, unfair competition, and civil conspiracy, and awarded $136,000,000 in actual damages. It also awarded $700,000 in exemplary damages based on a finding that GECC engaged in malicious, wilful, fraudulent, or recklessly indifferent conduct.

After the jury verdict was rendered, GECC filed a renewed motion for judgment as a matter of law and a motion for a new trial.[1] In its motion for judgment as a matter of law, GECC asserted, inter alia, that the language of the release and indemnification provision of the Dissolution Agreement had released GECC—as an affiliate of signatory GEPSI—from any liability for the claims asserted by Canatxx. The district court overruled both of GECC's motions and reasoned that, with regard to the release, GECC had provided no evidence that it was an affiliate of GEPSI. This appeal followed. For the reasons explained

---

[1] After Canatxx rested and before GECC opened its case, GECC orally moved for judgment as a matter of law based on the release clause in the Dissolution Agreement. At the conclusion of the trial and before the case was submitted to the jury, GECC again presented its motion for judgment as matter of law. The district court denied both motions.

below, the district court erred in overruling GECC's motion for judgment as a matter of law.

II.

The district court's denial of a motion for judgment as a matter of law is reviewed de novo. Fluorine on Call, Ltd. v. Fluorogas Ltd., 380 F.3d 849, 855 (5th Cir. 2004). The Court reviews de novo the interpretation of a contract. Advocare Int'l LP v. Horizon Labs., Inc., 524 F.3d 679, 685 (5th Cir. 2008).

Under Texas law, a release is subject to the rules of construction governing contracts.[2] See Williams v. Glash, 789 S.W.2d 261, 264 (Tex. 1990). To effectively release a claim, the releasing instrument must "mention" the claim to be released—meaning that the claim must come within the contemplation of the release provision when viewed in the context of the contract in which the release provision is contained. Stinnett v. Colorado Interstate Gas Co., 227 F.3d 247, 255 (5th Cir. 2000) (applying Texas law). A release discharges only those persons or entities that it names or specifically identifies. McMillen v. Klingensmith, 467 S.W.2d 193, 196 (Tex. 1971).

Section 8.1 of the Dissolution Agreement entered into by GEPSI and Canatxx states "GEPSI and its Affiliates shall incur no liability . . . for any loss, cost, expenses or claims whatsoever arising from or in connection with . . . the Gas Storage Project whether such loss, cost, expenses, or claims prior to or post the Effective Date." The term "Affiliate" is defined in § 1.3 of the Dissolution Agreement as any entity "which is owned or controlled by an entity or person which owns or controls, a Party." "Own" is defined as "the ownership, directly or indirectly, of a property interest in an asset, company, partnership or other

_____

[2] GECC notes in its brief that the Dissolution Agreement is governed by New York law under the agreement's choice-of-law provision, but concedes that the interpretation of the agreement is the same under both Texas and New York law and cites predominantly Texas cases.

entity." Therefore, if GECC is an affiliate of GEPSI, as that term is defined in the Dissolution Agreement, GECC was released from all claims arising from or in connection with the Gas Storage Project.

In the pre-trial order, Canatxx specifically admitted that GEPSI and GECC are affiliates. A joint pretrial order "supersedes all pleadings and governs the issues and evidence to be presented at trial." McGehee v. Certainteed Corp., 101 F.3d 1078, 1080 (5th Cir. 1996); Loose v. Offshore Nav., Inc., 670 F.2d 493, 498 (5th Cir. 1982) (holding that an admission in a pre-trial order is a waiver of the assertion of a contrary position). Specifically, Canatxx's proposed statement of the case states "[a]mong [GE's] businesses are a unit called GE Power . . . and a unit called GE Capital . . . . All the GE companies are part of the General Electric Corporation and they all work together toward enhancing GE Corporation's bottom line."[3] Canatxx thereby admitted that both GECC and GEPSI are either owned or controlled by General Electric Company ("GE"), and thus qualify as "Affiliates" under the plain language of the Dissolution Agreement.[4]

Furthermore, the claims asserted by Canatxx fall within the scope of the release contained in § 8.1 of the Dissolution Agreement. Canatxx argues that § 8.1 of the Dissolution Agreement is not a release, but merely an indemnification provision. However the language of the section, which states that GEPSI and affiliates "shall incur no liability"—and makes no mention of

---

[3] We note that in addition to the statements in the pre-trial order, GECC points to factual assertions made by Canatxx in their pleadings, testimony by Canatxx's principals (including its CEO), and admissions by Canatxx's counsel during trial—all of which confirm that GEPSI and GECC were both owned by General Electric Company. In light of this additional evidence, the panel is at a loss to understand the district court's determination that there was no evidence to support GECC's affiliate status.

[4] GECC also submitted additional documentary evidence of its affiliate status with its motion for judgment as a matter of law. The district court excluded the evidence. Because the pre-trial order establishes GECC's affiliate status, there is no need to determine the admissibility of the evidence submitted by GECC with its motion.

indemnity—is clearly indicative of a release. In addition, it would be illogical to construe § 8.1 as an indemnity provision when § 8.2, immediately following the provision at issue, constitutes a fully formed indemnity provision.

The release contained in § 8.1 expressly relieves GEPSI and its affiliates of all claims and liability "arising from or in connection with" the Gas Storage Project. Under Texas law, phrases such as "arising from" or "related to" require only an incidental "causal connection [with] or relation [to]" the described event or object. RLI Ins. Co. v. Union Pacific R.R. Co., 463 F. Supp. 2d 646, 650–51 (S.D. Tex. 2006) (citing Utica Nat'l Ins. Co. v. Am. Indem. Co., 141 S.W.3d 198, 203 (Tex. 2004)). Here, all of Canatxx's claims relate to alleged wrongdoing by GECC in relation to the proposed joint project—defined as the integration of the Gas Storage Project and the Fleetwood power plant. Certainly, there is at least the required incidental relationship between Canatxx's claims and the Gas Storage Project for the claims to fall within the scope of the release.

## III.

The pre-trial order and the release provision of the Dissolution Agreement establish that Appellant GECC was effectively released from the claims asserted by Appellee Canatxx in the instant litigation. In light of the foregoing, we hold that the district court erred in denying Appellant's motion for judgment as a matter of law on the grounds of release. Canatxx moved for leave to file supplemental briefing but did not do so until after oral argument. The motion for leave to file supplemental briefing is DENIED. We REVERSE the judgment of the trial court and RENDER judgment in favor of Appellant on all claims.