# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30557
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2015

Lyle W. Cayce
Clerk

LONNIE GOLDSTON,

Plaintiff - Appellant

v.

CITY OF MONROE, acting through the Monroe Police Department,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:13-CV-314

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Lonnie Goldston appeals the district court's dismissal of his claims against the City of Monroe. We AFFIRM.

In his complaint, Goldston asserted the City subjected him to over 75 wrongful arrests since 1995. He claimed the City physically and mentally abused him. The only specific arrests identified in the complaint were on

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30557

November 3, 2010 and June 21, 2012. The complaint claimed physical, emotional, and financial damages. He sought attorneys fees and an injunction against future violation of his rights. In a joint pretrial order, he also claimed he was falsely arrested on September 26, 2013 for possession of a firearm by a convicted felon and driving while intoxicated. He asserts he was in fact not a convicted felon and that he was arrested solely because he was a constant irritant to the City of Monroe.

On the morning that the bench trial on the suit was to begin, the district court asked Goldston's counsel whether his proposed findings of fact, filed a week before trial, had stipulated Goldston out of court. Instead of having a bench trial, the district court invited defense counsel to move to dismiss. From the bench, the court granted the City's prompted oral motion to dismiss and said that a written order would follow. The written order later explained: "Following the court's lead, Defendant . . . requested a Motion to Dismiss For Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) and/or Rule 12(c) or, alternatively, a Motion for Summary Judgment under Rule 56." We do not see where a summary judgment motion in any form was made.

Goldston timely appealed. He claims the court followed the wrong procedure, erred in the holding that no cause of action was sufficiently pled, and applied the wrong pleading standard.

DISCUSSION

The district court's decision to forego a bench trial and instead invite a motion to dismiss seems to have been prompted by the court's review of Goldston's proposed findings of fact, which were filed a week prior to the trial. In Goldston's findings of fact, he asserted that one arrest was on November 3, 2010, while suit was filed in February 2013. The district court held that the claim had prescribed under the applicable one-year Louisiana statute. A

second arrest mentioned in the proposed fact-findings occurred on June 21, 2012, but that arrest led to a conviction. The district court held that any claims arising from that arrest failed because Goldston had not had his conviction reversed or declared invalid. *See Heck v. Humphrey*, 512 U.S. 477, 485-87 (1994). The final arrest mentioned in the proposed findings occurred on September 26, 2013. Goldston alleged that officers of the Richwood Police Department made the arrest. He apparently was trying to hold the City of Monroe responsible by claiming he was arrested "because he was the one, according to the Chief of Police for Richwood, who gave the City of Monroe, 'so many problems.'" The district court found that this claim failed because the arrest was carried out by a department that was not a party to the case.

Goldston's counsel argued that the arrest dates were unimportant, as a fair reading of the complaint would show a factual basis for malicious prosecution. The district court held that Goldston had not sufficiently pled an action for malicious prosecution based on the 2010 arrest, as neither malicious prosecution nor a recital of its elements appears in the complaint. It found no basis to consider malicious prosecution as a claim in the case.

We review the merits of a dismissal under Rule 12(b)(6) *de novo*; "the well-pleaded facts are viewed in the light most favorable to the plaintiff." *Castro v. Collecto, Inc.*, 634 F.3d 779, 783 (5th Cir. 2011) (citation and internal quotation marks omitted).[1] A complaint fails under Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the

---

[1] The district court did not state the specific rule under which it dismissed the case. It discussed standards for dismissal under Rule 12(b)(6), Rule 12(c) and Rule 56. We analyze the claims under Rule 12(b)(6), as that is sufficient here. We note that granting summary judgment without at least ten days' notice is improper, though the error may be harmless. *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770-71 (5th Cir. 2000).

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The unusual way in which the motion to dismiss was invited by the court on the morning of a scheduled trial invokes our scrutiny.  A district court may "consider the sufficiency of the complaint on its own initiative." *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991).  Dismissal even on the court's own motion is proper "'as long as the procedure employed is fair.'" *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 301 (2d ed. 1990).  Instead of ruling on its own motion, the district court suggested that defense counsel move to dismiss.  That is a similar and equally permissible procedure.  As to fairness, the court allowed Goldston's counsel to respond before it ruled.  Earlier notice that counsel needed to be prepared to argue such a motion would have been preferable.  Even if there was error in the limited notice prior to dismissing the complaint, error may be harmless if it is clear "the plaintiff has alleged his best case[.]"  *Id.*  As we will explain below, Goldston does not present meritorious arguments as to why he has stated a claim upon which relief may be granted, nor does he argue that the district court denied him an opportunity to plead his best case.  Furthermore, at no time during the proceedings in district court did Goldston move to amend his complaint.  After our *de novo* review of the record, we conclude that Goldston had the opportunity to plead his best case and has not alleged facts that support a viable claim of relief.  *Cf. Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (citing *Bazrowx*, 136 F.3d at 1054).

We next consider the only two arrests made by Monroe police officers that are mentioned in the complaint and in the joint pretrial order.  Other paragraphs in the complaint contain mere generalizations and allegations that at most constitute "[t]hreadbare recitals of the elements of a cause of action . .

. ." *See Iqbal*, 556 U.S. at 678. As to the arrest made by Richwood city police, Goldston has not asserted any grounds that would make Monroe responsible.

Regarding the 2010 arrest, Goldston's counsel conceded in open court that the false-arrest claim had prescribed under the Louisiana statute. Also, on appeal, Goldston has not challenged the district court's dismissal of the 2010 false arrest claim based on prescription. That issue is therefore abandoned. *See United States v. Broussard*, 669 F.3d 537, 552 n.10 (5th Cir. 2012).

In addition to the false-arrest claim, Goldston insisted on the morning of the scheduled bench trial that the complaint also supported a claim for malicious prosecution. We find no such basis in the complaint. Even more telling, the agreed pretrial order contained claims solely related to false arrests. The "joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial." *Vanhoy v. United States*, 514 F.3d 447, 450 n.10 (5th Cir. 2008) (quoting *McGehee v. Certainteed Corp.*, 101 F.3d 1078, 1080 (5th Cir. 1996)). In that joint pretrial order, there were only a few contested facts. The first one is the only one relevant to the kind of claim being asserted, and it is for false arrest:

> a. The central contested fact center around if the police had probable cause to arrest Lonnie Goldston when he was arrested November of 2010 and June 21, 2012. The plaintiff contends that the persons acting on behalf of the City of Monroe did not have probable cause to arrest him and furthermore arrested him as an act of intimidation and harassment.

The only contested issues of law also solely dealt with a wrongful arrest: the issues are "when a claim for wrongful arrest begins, the applicable prescriptive period for such a claim and whether a dismissal of an arrest is sufficient to prove a wrongful arrest."

It is true that in Goldston's proposed findings of fact, filed two weeks after the joint pretrial order and a week before trial, malicious prosecution is mentioned. Because it had not been made an issue in the case in the complaint

5

or in the pretrial order, we see no error in the district court's refusal to allow it to be made an issue on the morning the bench trial had been set to begin.

Dismissal of all claims based on the 2010 arrest was proper.

Regarding the allegedly false arrest in 2012, the district court held that the claim could not survive *Heck*. *See Heck*, 512 U.S. at 485-87. In *Heck*, the Supreme Court held that

> when a state prisoner seeks damages in a [Section] 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487. Goldston argues his arrest was without probable cause. His conviction, though, required that there be evidence sufficient to find guilt. Consequently, seeking in this suit to show a lack of probable cause is in essence a collateral attack on the conviction. *See Wells v. Bonner,* 45 F.3d 90, 95 (5th Cir. 1995). The district court properly held that Goldston could not proceed on any claim regarding the 2012 arrest.

Goldston alleges in the complaint that there were scores of other arrests, and he also claims general harassment. None of those claims were more than conclusory; none of them were identified in the joint pretrial order as matters, contested or agreed, for the trial. Such general and conclusory statements are insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678. The district court applied the correct pleading standard.

AFFIRMED.