# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2022

Lyle W. Cayce
Clerk

No. 21-30417

Keith Babin; Kevin Burge; Joshua Dismukes; Barbara Tate; S. J. Beaulieu, Jr.,

*Plaintiffs—Appellants/Cross-Appellees*,

*versus*

Plaquemines Parish,

*Defendant—Appellee/Cross-Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-7378

Before Richman, *Chief Judge*, and Wiener and Willett, *Circuit Judges*.

Per Curiam:*

Emergency medical workers sued their employer, Plaquemines Parish, seeking overtime pay for the time they spent awaiting calls on standby. A jury found that the employees' standby time constituted working

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30417

hours, but that the Parish did not fail to pay them overtime.  The employees moved for judgment as a matter of law, which the district court denied. Because the evidence compels the conclusion that the Parish did not pay the employees overtime, we reverse the district court's judgment and remand for further proceedings.

## I

Keith Babin, Kevin Burge, Joshua Dismukes, and Barbara Tate were paramedics and emergency medical technicians for the Parish.  They transported patients to hospitals and provided life support and other medical care.  Their shifts lasted seven days, during which they were available to respond to calls twenty-four hours a day.  The Parish generally paid them for eighteen hours each day of their shifts, for a total of 132 hours per week.  The Parish compensated the employees at their regular rate for these hours.

Section 207 of the Fair Labor Standards Act (FLSA) provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."[1]  The employees filed suit against the Parish for overtime pay.  The employees do not claim that they spent more than forty hours a week dispatched on emergency calls.  Rather, they maintain that they are owed overtime for the hours they spent awaiting calls on standby.

At trial, the jury determined that the employees' standby time entitled them to overtime pay, but the jury also found that the Parish did not fail to pay overtime.  The district court entered judgment in favor of the Parish.

---

[1] 29 U.S.C. § 207(a)(1).

No. 21-30417

Following a motion from the employees, however, the district court set aside the jury's verdict because all the evidence showed that the Parish had not paid the employees overtime.

The district court ordered a new trial. During that second trial, at the close of evidence, the employees moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) to establish that the Parish did not pay the employees overtime when they worked more than forty hours a week.[2] The judge denied the motion because the obligation to pay overtime was inseparable from the question whether the employees' standby time constituted work hours, on which a reasonable jury could find either way.

Before submitting the case to the jury, the judge instructed the jury on the law. She explained that, under the FLSA, work time "includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business."[3] The jury returned a verdict in a series of interrogatories. It determined that the employees proved that their "standby time is spent predominantly for [their] employer's benefit such that [they are] unable to use the time effectively for [their] own purposes." However, the jury also determined that the employees did not prove that the Parish "failed to pay [them] overtime when [they] worked more than 40 hours in a week." In light of that verdict, the district court entered judgment for the Parish.

---

[2] FED. R. CIV. P. 50(a).

[3] *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944) (assessing the compensability of standby time based on "[w]hether time is spent predominantly for the employer's benefit or for the employee's"); *Paniagua v. City of Galveston*, 995 F.2d 1310, 1317 (5th Cir. 1993) (explaining that the "critical issue" in determining whether standby time is work time is "whether the employee can use the [standby] time effectively for his . . . own purposes" (quoting *Halferty v. Pulse Drug Co.*, 864 F.2d 1185, 1189 (5th Cir. 1989))).

3

No. 21-30417

After the trial, under Rule 50(b), the employees renewed their motion for judgment as a matter of law as to the Parish's failure to pay overtime.[4] It was uncontested that the employees were on standby for more than forty hours a week and that the Parish did not pay overtime. Given the finding that standby time constituted work, the employees argued, a reasonable jury could only conclude that the Parish had failed to pay overtime when they worked more than forty hours in a week. The district court denied the motion in a brief order that did not clearly specify its reasoning.

The employees appeal the denial of their motion. The Parish cross-appeals the jury's finding that the employees' standby time was spent predominantly for the Parish's benefit.

## II

Before turning to the employees' arguments, we address our jurisdiction over the Parish's cross-appeal. "It is a central tenet of appellate jurisdiction that a party who is not aggrieved by a judgment of the district court has no standing to appeal it."[5] Accordingly, "[a] cross-appeal is generally not proper to challenge a subsidiary finding or conclusion when the ultimate judgment is favorable to the party cross-appealing."[6]

The Parish acknowledges that the basis for appellate jurisdiction is the final judgment entered by the district court in its favor. The district court

---

[4] Fed. R. Civ. P. 50(b).

[5] *United States v. Fletcher ex rel. Fletcher*, 805 F.3d 596, 602 (5th Cir. 2015) (quoting *Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 603 (5th Cir. 2004)).

[6] *Cooper Indus., Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 876 F.3d 119, 126 (5th Cir. 2017) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. W. Lake Acad.*, 548 F.3d 8, 23 (1st Cir. 2008)); *see also Mathias v. WorldCom Techs., Inc.*, 535 U.S. 682, 684 (2002) (per curiam) ("As a general rule, a party may not appeal from a favorable judgment simply to obtain review of findings it deems erroneous.").

No. 21-30417

plainly ordered "judgment in favor of the defendant, Plaquemines Parish, and against the plaintiffs." "[E]ven if it lost some battles along the way[,] . . . the final judgment was a full victory" for the Parish, so "it is not an aggrieved party entitled to bring a cross-appeal."[7]

Instead of a cross-appeal, an opposition brief is the appropriate place for the prevailing party's arguments.[8] This distinction is "not just formalism."[9] An improper cross-appeal "disrupts the briefing schedule, increases the number (and usually the length) of briefs, and tends to confuse the issues."[10] Because the district court's final judgment favored the Parish, we dismiss the cross-appeal as improper.[11]

At times, we have construed improper cross-appeals as additional arguments in support of the judgment.[12] Even if we were inclined to overlook this procedural misstep, another one prevents our review of the Parish's challenge. The Parish argues that the evidence does not support the jury's finding that standby time was spent predominantly for the Parish's benefit. Although the Parish raised this argument in a Rule 50(a) motion for judgment as a matter of law, it did not renew this motion after trial under Rule 50(b). Without a Rule 50(b) motion, we cannot review the Parish's argument.[13]

---

[7] *Domain Prot., L.L.C. v. Sea Wasp, L.L.C.*, 23 F.4th 529, 539 (5th Cir. 2022).

[8] *Id.* at 539-40; *see also Castellano v. Fragozo*, 352 F.3d 939, 960 (5th Cir. 2003) ("[A]n appellee may urge any ground available in support of a judgment even if that ground was . . . rejected by the trial court.").

[9] *Cooper*, 876 F.3d at 127.

[10] *In re Sims*, 994 F.2d 210, 214 (5th Cir. 1993).

[11] *See Cooper*, 876 F.3d at 127.

[12] *See Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 11 F.4th 345, 351 (5th Cir. 2021); *Cooper*, 876 F.3d at 127.

[13] *Ortiz v. Jordan*, 562 U.S. 180, 189 (2011) ("Absent such a motion, we have repeatedly held, an appellate court is 'powerless' to review the sufficiency of the evidence

No. 21-30417

"[W]e lack power to address a claim not properly raised in a Rule 50(b) motion."[14]

Because the Parish's challenge is not properly before this court, we do not disturb the jury's finding that the employees' standby time was spent predominantly for the Parish's benefit. Even if we were to apply plain error review, we would conclude that the Parish's challenge fails. Evidence showed that the employees traveled many miles away from their homes to be in the Parish for their shifts, where they stayed in a Parish-owned trailer or the fire station.[15]

### III

We now turn to the employees' appeal. At the close of evidence, and again after trial, the employees moved for judgment as a matter of law to establish that the Parish did not pay the employees overtime when they worked more than forty hours a week.

We review the denial of the employees' motion de novo.[16] A motion for judgment as a matter of law is a challenge to the legal sufficiency of the evidence supporting the jury's verdict.[17] After judgment, the motion "should only be granted when the facts and inferences point so strongly in

---

after trial." (quoting *Unitherm Food Sys., Inc. v. Swift–Eckrich, Inc.*, 546 U.S. 394, 405 (2006))).

[14] *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 680 (5th Cir. 2016); *see also Thomas v. Hughes*, 27 F.4th 995, 1008 (5th Cir. 2022).

[15] *See Brock v. El Paso Nat. Gas Co.*, 826 F.2d 369, 373 (5th Cir. 1987) (deeming it "significant" that employees "were many miles from home when on-call" and "were required to stay on the employers' premises" in assessing the compensability of standby time).

[16] *Thomas*, 27 F.4th at 1008.

[17] *Jordan v. Ector Cnty.*, 516 F.3d 290, 294 (5th Cir. 2008).

No. 21-30417

favor of the movant that a rational jury could not reach a contrary verdict."[18] "We view the evidence, and draw all reasonable inferences, in the light most favorable to the verdict."[19] However, we will not sustain a jury verdict based on a "mere scintilla" of evidence.[20]

No evidence suggests that the Parish paid the employees overtime. In a list of uncontested material facts in a pretrial order, the parties agreed that "[d]uring the relevant time period, none of the Plaintiffs in this case ha[ve] ever been paid time and a half overtime premiums." That stipulation establishes that the Parish did not pay overtime. "It is a well-settled rule that a joint pretrial order signed by both parties . . . governs the issues and evidence to be presented at trial."[21] In addition, the employees' testimony and pay records corroborate that the Parish did not pay them overtime.

The Parish does not attempt to argue otherwise. It acknowledges that it paid employees for their standby time at the regular rate. Instead, the Parish argues that it does not owe the employees overtime because their standby time did not constitute work. As noted above, however, the jury found that the employees' standby time was spent predominantly for the Parish's benefit. The district court instructed the jury that time spent

---

[18] *Tercero v. Tex. Southmost Coll. Dist.*, 989 F.3d 291, 299 (5th Cir. 2021) (quoting *Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 475 (5th Cir. 2005)).

[19] *Jordan*, 516 F.3d at 294.

[20] *Allstate Ins. Co. v. Receivable Fin. Co., L.L.C.*, 501 F.3d 398, 405 (5th Cir. 2007) (quoting *Brady v. Hous. Indep. Sch. Dist.*, 113 F.3d 1419, 1422 (5th Cir. 1997)).

[21] *McGehee v. Certainteed Corp.*, 101 F.3d 1078, 1080 (5th Cir. 1996) (quoting *Branch–Hines v. Hebert*, 939 F.2d 1311, 1319 (5th Cir. 1991)); *see also Canatxx Energy Ventures, Inc. v. Gen. Elec. Capital Corp.*, No. 07-20522, 2008 WL 4601691, at *2-3 (5th Cir. Oct. 16, 2008) (per curiam) (unpublished) (holding that a district court erred in denying a motion for judgment as a matter of law based in part on an admission in a pretrial order).

primarily for the employer's benefit constituted work hours.[22]   All the evidence in the record indicates that the employees' standby time was over forty hours a week.  Because the employees' standby time was working time, and because that time exceeded forty hours, the Parish owed the employees overtime pay.

In its initial ruling on the employees' motion, before the jury returned its verdict, the district court explained that it was denying the motion because its disposition depended on whether the jury would find standby time was working time.  Given the jury's subsequent finding that standby time was in fact working time, it follows that the Parish failed to pay the employees overtime when they worked more than forty hours a week.  There is no evidence to support the contrary conclusion.  So the district court erred by not granting the employees' post-trial motion.[23]

## IV

Finally, we address a forfeiture argument by the Parish.  The Parish maintains that the employees' appeal is in essence an objection to inconsistencies in the jury's verdict that the employees needed to raise before the jury was dismissed.[24]

The Parish identifies no authority grafting our standards for objections to jury verdicts onto our standards for motions for judgment as a matter of law.  On the contrary, our precedents simply require that parties raise and renew motions for judgment as a matter of law under the procedures prescribed in Rule 50, even when the appellant's motion is premised on an

---

[22] *See Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944); *Paniagua v. City of Galveston*, 995 F.2d 1310, 1317 (5th Cir. 1993).

[23] *See Tercero v. Tex. Southmost Coll. Dist.*, 989 F.3d 291, 299 (5th Cir. 2021).

[24] *See Montano v. Orange Cnty.*, 842 F.3d 865, 881-82 (5th Cir. 2016).

alleged inconsistency in the jury's verdict.[25]  We abide by those precedents here.  The employees did not forfeit their challenge.

\*    \*    \*

We REVERSE the judgment, and REMAND for further proceedings consistent with this opinion.

---

[25] *Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143, 154 (5th Cir. 2017) (reviewing the denial of a motion for judgment as a matter of law based on the appellant's assertion that the jury's liability finding was inconsistent with its damages finding); *Waganfeald v. Gusman*, 674 F.3d 475, 483 (5th Cir. 2012) (reversing the denial of a motion for judgment as a matter of law because the jury found liability despite an interrogatory response that precluded liability).